## STEVENS ET AL. v. TEMPLETON.

[No. 21,532.　Filed April 19, 1910.]

1. APPEAL.—*Questions Presented.—Decision as to Part thereof.—Res Judicata as to Remainder.*—Where an appeal presenting several questions is taken and the decision reversing the judgment below determines a part only of the alleged errors, the conclusive presumption is that the trial court's ruling on the others was correct. p. 131.

2. APPEAL.—*Rehearing.—Questions not Decided.*—Where the court on appeal fails to decide all of the questions presented, the remedy is by a petition for a rehearing. p. 131.

3. TRIAL.—*Withdrawing Defense.—Instructions.*—Where defendants' attorneys at the beginning of the trial announced that they would offer no evidence in support of one of their defenses, it is the duty of the court to instruct the jury to find for the plaintiff as to such defense, such announcement in the absence of a withdrawal. thereof, binding the parties making it. p. 131.

4. APPEAL.—*Agreements during Trial.—Instructions.—How Shown to be Incorrect.*—Where an instruction says that the defendants announced that they would offer no evidence in support of one of their defenses, and there is no showing by a bill of exceptions that such announcement was withdrawn, nor that the court's statement was untrue, the objection to such instruction being general, the Supreme Court must presume that such announcement was made, and assertions of counsel to the contrary will be disregarded, since all doubts must be resolved in favor of the action of the trial court. p. 132.

5. TRIAL.—*Failure of Evidence in Support of Defense.—Drains.—Instructions.*—A peremptory instruction for the plaintiff on an affirmative paragraph of defense of unequal assessments in a drainage case, in support of which no evidence was given, is not erroneous. p. 133.

6. TRIAL.—*Burden of Proving Defenses "or One of Them."—Instructions.*—An instruction that the burden was upon defendants to establish the material facts alleged in their two paragraphs of defense, "or one of them," is not erroneous on the ground that it compels defendants to prove both defenses. p. 134.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Drainage petition by Martha M. Templeton, against which Joseph F. Stevens and others remonstrate. From a judgment for petitioner, remonstrants appeal. *Affirmed.*

Vol. 174—9

*Harry C. Sheridan* and *Earl F. Gruber,* for appellants.

*Joseph P. Gray, Thomas M. Ryan* and *James V. Kent,* for appellee.

HADLEY, C. J.—This is a drainage proceeding, begun by appellee on November 15, 1905, under the act concerning drainage, approved March 6, 1905 (Acts 1905 p. 456, §§5622-5635 Burns 1905).

Such orderly action was had that on September 24, 1906, the drainage commissioners filed their final report, as provided in §5625, *supra,* to which report appellants filed separate remonstrances under the provisions of said section, each assigning eight identical causes of remonstrance. Appellee moved to strike out the first, third, fourth, fifth, sixth and seventh of said causes, which motion was sustained to the first, third, fourth, fifth and seventh, and separate exceptions properly reserved.

The remonstrators proceeded to trial on causes two, six and eight, and there was a finding and judgment against each of them, whereupon they appealed to this court, and on April 2, 1908, the judgment was reversed (*Stevens* v. *Templeton* [1908], 170 Ind. 248), this court holding that the action of the circuit court in striking out cause seven of the remonstrances was error, and reversed the cause, without any specific or express ruling on the action of the lower court as applied to causes one, three, four and five.

Upon a return of the case to the circuit court, the mandate of this court was carried out, and the motion to strike out cause seven was overruled and the case retried by a jury upon specifications two, six, seven and eight. The verdict was again against the remonstrators, and for a second time they appeal to this court.

The errors assigned in this appeal are the overruling of appellants' motion for a new trial, and the sustaining of appellee's motion to strike out specifications one, three, four and five,

The precise question presented by the motion to strike out was presented in the former appeal, and is in effect now *res judicata.* "It is settled," said this court in the case of *Dodge* v. *Gaylord* (1876), 53 Ind. 365, 369, "that if a cause be appealed to the Supreme Court, and the judgment be reversed, and the cause remanded to the court below for a new trial, and a second appeal be taken, it brings up for review and decision nothing but the proceedings subsequent to the reversal." To the same effect see *McKinney* v. *State, ex rel.* (1889), 117 Ind. 26, 27, and *Brunson* v. *Henry* (1898), 152 Ind. 310.

As sometimes expressed, appeals cannot be allowed by piecemeal. There must be an end to them as speedily as the contention of litigants may be advanced and decided.

So it is, that all questions reserved for review by an appellate court must be presented on the first appeal thereafter from a final judgment, or not at all; for thereafter all questions presented by the record will be considered as finally determined by the judgment. All such questions, not expressly affirmed or reversed, will, by implication, be deemed affirmed.

If, in disposing of the case on appeal, the court fails to give express or full consideration to questions presented, the remedy of the complaining party is by petition for a rehearing.

The eighth instruction given by the court to the jury is complained of. It was as follows: "Counsel for the remonstrators having announced at the beginning of the trial that no evidence would be offered on the seventh cause of remonstrance, you are instructed to find for the petitioner on the seventh cause of remonstrance."

Appellants claim in their brief that they made no such announcement at the beginning or during the progress of the trial, and that they did offer evidence in support of the seventh cause of remonstrance. In the dispute thus appear-

ing between the statement of the court and conduct of counsel for appellants, counsel for appellee in their brief give earnest and emphatic support to the statement of the court as contained in said instructions—all of which is a bit more entertaining than it is useful in a decision of the question. If, at the beginning of the trial, counsel announced that they would not rely on the seventh specification and would offer no evidence in support of it, then, in the absence of a withdrawal of said announcement, and a failure to offer evidence in its support, this ground of remonstrance was thereby eliminated from the issues, and it was perfectly proper for the court so to direct the jury. Such announcements made in open court, in the presence of the jury, for the guidance of the court, are binding on the party making them; and whatever the legal effect may be on the issues, or on the competency and relevancy of evidence, is a matter about which the jury should be informed by the court.

We cannot give heed to what counsel assert as against the record. In the absence of an affirmative showing to the contrary, we must assume not only that the court was

4.    fair and accurate in its statements and rulings, but also that the record speaks the truth. If we should stop to determine the wrangles of attorneys *de hors* the record, how would we ever decide anything? If the record is incorrect it should have been amended by bill of exceptions, or otherwise, before being sent here. Nothing is better settled with respect to the record in appeals, than that in matters left to conjecture or in doubt all doubts will be resolved in favor of the action of the trial court. Elliott, App. Proc. §710; Ewbank's Manual §198, and many cases collected in notes. On the same line is the principle that an assertion of counsel not borne out by the record must be disregarded. *Grimes* v. *Grimes* (1895), 141 Ind. 480.

And here, again, appellants are without support. The record fails to disclose any objection or exception, at the moment the instruction was read, as would likely be pro-

voked by a surprise, but the exception taken to the instruction appears to be general, and at the same time and in the same terms taken to all other instructions given and refused.

The seventh specification is based on the fifth statutory cause for remonstrance, which reads as follows: "By any person or corporation against whom, or against whose

5.  lands, benefits are assessed that such person or corporation, or the lands of such persons or corporation, specifying the same, are assessed too much, as compared with other persons or corporations, or with the lands of other persons or corporations, specifying such other persons, corporations or lands." Acts 1905 p. 456, §5625 Burns 1905.

The specification is in these words:

"(7)   That said lands of this remonstrator are assessed too much as compared with other persons assessed as benefited by and in said report, to wit:   John N. Russell, Harrison Derrick, deceased, Martha M. Templeton and Garrett Snodgrass."

In all of the 1,066 pages of the record there appears not a single question or answer giving or suggesting a comparison between the amount of benefits assessed against the lands of appellants and the lands of the persons named in the specification.   At any rate, our attention has not been directed to any such testimony, and we have failed to find it for ourselves.   There was testimony relating to the adequacy of assessments made against the lands of the persons named, among many others whose lands were assessed, and which was relevant under other specifications of remonstrance, but from first to last there appears no attempt to compare the assessments against appellants' lands, with those named in the specification, as contemplated by the statute.   The court did not err in giving instruction eight.

Instruction two, as given by the court, is not subject to the criticism presented.   It, in effect, informed the jury

that to entitle the remonstrators to prevail, it was in-
6.  cumbent upon them to prove the material facts al-
leged in the seventh and eighth causes of remon-
strance, "or one of them," by a fair preponderance of the
evidence.  This language does not warrant the contention
that it informed the jury that "before the remonstrators
can recover on the seventh and eighth causes of remon-
strance they must establish by a fair preponderance of the
evidence the material facts alleged in both of said causes of
remonstrance."

Groundless objections were presented to the eighth and
ninth instructions, and possibly others, but we perceive no
useful purpose to be attained in their elaboration.

Judgment affirmed.