## Western Union Telegraph Co. vs. W. D. Sutton.

(Decided November 23, 1910.)

### Appeal from Pike Circuit Court.

Appeals—Peremptory Instruction—Reversal—Questions Presented and Decided.—On the first trial of this case the lower court gave the jury a peremptory instruction to find for the defendant, which judgment on appeal was reversed. On the second trial the plain-

tiff recovered a judgment for $700.00 in damages. Held on appeal, if the defendant's present contention is correct the peremptory instruction which had been given by the circuit judge on the first trial was proper and the judgment should have been affirmed. It is not material that the question was not presented by counsel or noticed by the court in the opinion. It was necessarily involved and is concluded by the judgment then rendered. The opinion on the former appeal is the law of the case and concludes all matters necessarily involved in that appeal.

RICHARDS & RONALD, GEORGE H. FEARONS and YORK & JOHNSON, for Appellant.

ROSCOE VANOVER, for Appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On the first trial of this case the circuit court instructed the jury peremptorily to find for the defendant. The plaintiff appealed, and on the appeal it was held that the court erred in instructing the jury peremptorily to find for the defendant, and the judgment was reversed. Sutton v. Western Union Telegraph Co., 129 Ky. 166. On the return of the case to the circuit court it was tried again, this trial resulting in a verdict and judgment in favor of the plaintiff for $700.00. The defendant appeals.

The evidence on the second trial is practically the same as on the first trial. The essential facts are these: The plaintiff's father and mother lived at East Radford, Va. On December 27 his father sent to him at Pikeville, Ky., this telegram: "Mother dead. Come at once."

The message was not delivered to him until December 29th, about ten o'clock. He then took the first train but reached East Radford after his mother's burial. He lived in Pikeville and had an office there. His wife was at home. His stenographer was at his office, but he was at a mill ten or eleven miles from Pikeville. The message seems not to have reached Pikeville until the morning of the 28th; and although his house and his office were within two or three hundred yards of the telegraph office, the message was not delivered at either place. It is insisted that the defendant was under no obligation to forward the message to him at the mill, and if the message had been delivered at his home or at his office, he could not have gotten it unless his wife or his stenographer had forwarded it to him; and that what they would

have done if they had gotten the message or what he would have done if the message had been forwarded to him is mere matter of conjecture; and that so the defendant's negligence is not the proximate cause of the injury. But precisely these facts appeared on the former appeal of the case, and on this very evidence it was held by this court that the court erred in instructing the jury peremptorily to find for the defendant. If the defendant's present contention is correct the peremptory instruction which had been given by the circuit judge was proper, and the judgment should have been affirmed. It is not material that the question was not presented by counsel or noticed by the court in the opinion. It was necessarily involved, and is concluded by the judgment then rendered. The opinion on the former appeal is the law of the case, and concludes all matters necessarily involved on that appeal.

Judgment affirmed.