236     SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. *v.* City of Bloomington—182 Ind. 236.

## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* CITY OF BLOOMINGTON.

[No. 22,448.   Filed June 12, 1914.   Rehearing denied October 8, 1914.]

1. APPEAL.—*Review.—Ruling on Motion for New Trial.*—The overruling of a motion for a new trial, filed after the expiration of the statutory limit, is not error.   p. 238.

2. APPEAL.—*Subsequent Appeal.—Right of Review.—Waiver.*—Alleged error in the ruling on a demurrer, which could have been presented by the assignment of cross-errors on a former appeal of the case, can not be considered on a subsequent appeal thereof, since failure to so present it was a waiver of the right to its consideration on the subsequent appeal.   p. 238.

3. APPEAL.—*Questions Reviewable.—Subsequent Appeal.*—Only the proceedings following the reversal on a prior appeal are reviewable on a subsequent appeal.   p. 238.

4. COURTS.—*Supreme and Appellate Courts.—Jurisdiction.—Amount in Controversy.*—Under §9 of the act of 1901, as amended in 1907 (§1392 Burns 1914, Acts 1907 p. 237), relating to the jurisdiction of the Supreme and Appellate Courts, all cases wherein the amount of money in controversy, exclusive of interest and cost, on the judgment of the trial court, exceeds $6,000, are appealable to the Supreme Court exclusively, and its jurisdiction over such cases is to be determined by the amount in controversy as shown by the judgment of the trial court, and not by the amount as shown by the pleadings or facts found; hence the jurisdiction on appeal from a judgment for defendant was in the Appellate Court, notwithstanding its judgment of reversal, directing the trial court to restate its conclusions and render judgment for plaintiff, necessitated the rendition of a judgment for more than $6,000.   p. 239.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by the City of Bloomington against the Chicago, Indianapolis and Louisville Railway Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*E. C. Field, Brooks & Brooks* and *H. R. Kurrie,* for appellant.

*Ira C. Batman* and *Miers & Corr,* for appellee.

MORRIS, J.—Minnie Woodworth recovered judgment for

MAY TERM, 1914. 237

Chicago, etc., R. Co. *v.* City of Bloomington—182 Ind. 236.

$5,000 against appellee for damages sustained by reason of a defective sidewalk. On appeal to the Appellate Court the judgment was affirmed. *City of Bloomington* v. *Woodworth* (1907), 40 Ind. App. 373, 81 N. E. 611. The city paid the judgment and accrued costs on December 3, 1907, and thereafter sued appellant for the amount paid, on the theory that it was appellant's duty to have kept the defective sidewalk in repair. To this complaint appellant in January, 1908, filed an answer in two paragraphs, the first of which was a general denial. The second paragraph is termed a plea of former adjudication and avers that Minnie Woodworth in March 1905, filed her complaint against the city. This is followed by a copy of the complaint, and averments to the effect that the city answered by general denial, and notified appellant to appear and defend the suit; that appellant refused to appear and defend; that there was a trial, resulting in a verdict and judgment for plaintiff in the sum of $5,000; that the effect of the judgment was to determine that the city was solely guilty of the negligence charged in the complaint. The court sustained a demurrer to the paragraph, and the case proceeded to trial on the issue formed by the general denial. The court found the facts specially, and stated its conclusions of law thereon in favor of the appellant and on January 8, 1910, rendered judgment for costs in favor of appellant. The court found that the city had, on December 3, 1907, paid the Woodworth judgment, together with interest, costs, etc., amounting to $5,966.70. The city appealed the case to the Appellate Court, assigning as error the court's conclusions on the facts stated. The judgment was reversed with instructions to restate the conclusions of law and render judgment for the city for $5,966.70 with accrued interest from December 3, 1907. *City of Bloomington* v. *Chicago, etc., R. Co.* (1913), 52 Ind. App. 510, 98 N. E. 188. Appellant thereafter filed a motion in the Appellate Court to transfer the cause to this court, because, as alleged, by reason of the accrued interest, it would

be necessary for the trial court, in obedience to the mandate, to render judgment for more than $6,000—the limit of the jurisdiction of the Appellate Court. This motion was overruled and appellant filed its petition to transfer the cause to this court under the provisions of §1394 Burns 1914, Acts 1901 p. 565. The petition was overruled by this court on February 19, 1913. The opinion of the Appellate Court was certified to the court below on February 22, 1913, and, on motion of appellee the court restated its conclusions of law and rendered judgment pursuant to the mandate of the Appellate Court. Appellant thereafter, at the March term, 1913, of the Lawrence Circuit Court, filed a motion for a new trial, assigning as grounds therefor, among other things, that the special findings of the court, filed more than three years prior thereto, were not sustained by sufficient evidence. The motion was overruled.

The errors here assigned are predicated on the alleged errors in sustaining the demurrer to appellant's second paragaph of answer, in overruling the motion for a

1. new trial, and on the restated conclusions of law on the facts found. There was no error in overruling the motion for a new trial. The statutory limit for
2. filing it had expired more than three years before it was filed. §587 Burns 1908, §561 R. S. 1881. This court can not consider the alleged error in the ruling
3. on the demurrer to appellant's second paragraph of answer. The question might have been presented in the previous appeal by assigning cross errors. Appellant failed to do this, and thereby waived any right to its consideration on a subsequent appeal, which presents nothing for review except proceedings subsequent to the reversal. *Stevens* v. *Templeton* (1910), 174 Ind. 129, 131, 91 N. E. 563, and authorities cited. Elliott, App. Proc. §418.

Appellant earnestly contends that the Appellate Court was without jurisdiction of the subject-matter of the former appeal and that consequently its opinion does not constitute

the law of the case, and we are asked to review the
4.  questions presented to that court and decided by it on
the former appeal.  This question was necessarily de-
termined by this court on the former appeal by its refusal
to grant the petition to transfer, but as no opinion was
written on such denial it is deemed proper to discuss the
subject here.

The law governing the matter is found in §9, of the act
of 1901, as amended in 1907, relating to the jurisdiction of
this court, in appealable cases.  By the provisions of the
section, the Appellate Court has jurisdiction of all appeals,
except as provided in 18 clauses of the section, which con-
fer on this court jurisdiction of the appeals therein desig-
nated.  §1392 Burns 1914, Acts 1907 p. 237.  Subdivision
14 reads as follows: ''All cases wherein the amount of
money in controversy, exclusive of interest and cost, *on the
judgment of the trial court,* exceeds $6,000.''  (Italics
ours.)

In this case there was no judgment in January, 1910, for
appellee city at all.  There was, on the other hand, a judg-
ment for appellant, for costs.  If a judgment at that time
had been rendered for the city, on the facts specially found,
it would have been more than $6,000, in which case, an ap-
peal would have been prosecuted to this court.  But no such
judgment was rendered.  It may be conceded that on the
pleadings and facts found, there was, when the judgment
for costs was rendered in January, 1910, more than $6,000,
in actual controversy.  But the amount in actual contro-
versy as shown by the pleadings, or facts found, does not
determine this court's jurisdiction of the appeal.  By the
language of the statute, the amount in controversy, ''on
the judgment of the trial court,'' determines the question.
*Cronin* v. *Zimmerman* (1907), 169 Ind. 75, 81 N. E. 1083.
Tested by such rule, the Appellate Court had exclusive
jurisdiction of the appeal, subject to the provisions of the
act relating to transferring, and, as a result, had the power

to make all necessary and proper orders incident to a reversal of the judgment of the trial court. All other errors assigned relate to questions determined by the Appellate Court, in its opinion on the former appeal. The decision of that court constitutes the law of the case. *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734, and authorities cited. There is no error. Judgment affirmed.

Note.—Reported in 105 N. E. 561. See, also, under (1) 29 Cyc. 958; (2) 3 Cyc. 398; (3) 3 Cyc. 395; (4) 11 Cyc. 816, 818.