Cleveland, etc., R. Co. v. Lutz, Admr.—64 Ind. App. 663.

THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. LUTZ, ADMINISTRATOR.

[No. 9,501. Filed June 8, 1917.]

1. APPEAL.—*Subsequent Appeal.*—*Scope of Review.*—*Waiver.*—
Alleged error in the ruling on demurrers which could have been
presented in a previous appeal of a case by assigning cross-
errors cannot be reviewed on a subsequent appeal, since failure
·to so present the question operated as a waiver of the right to
its consideration. p. 665.

2. RAILROADS.—*Crossing Accidents.*—*Contributory Negligence.*—
*Answers to Interrogatories.*—In an action for the death of an
aged woman who was struck by defendant's train at a street
crossing, where the answers to interrogatories show that de-
cedent stopped to look and listen for approaching trains before
attempting to cross the railroad track, that after crossing the
tracks she walked along the side thereof in the direction of a
train approaching from the north until she reached the point
where she was struck, that embankments and trees obstructed
a full view of the tracks in the direction from which the train
was coming and that there was a train on a sidetrack, the loco-
motive of which was puffing, sounding its whistle and ringing
its bell when she started to walk northwardly and across the
track, the rule that one approaching a railroad crossing is
bound to see what could have been seen, and to hear what could
have been heard is not applicable under the facts found.
p. 666.

3. DEATH.—*Verdict.*—*Answers to Interrogatories.*—*Damages.*—
In an action for death, where plaintiff was awarded a general
verdict for $2,000 by the jury and its answers to interrogatories
show decedent was a widow and that a son thirty years of age
and a daughter between twenty-four and twenty-five years of
age were living with her and were dependent upon her for help,
advice and assistance, that. other children were not dependent
upon her, and that, considering decedent's age at the time of
her death, the increased care and attention she would likely
have required as she advanced in years, etc., the actual pecu-
niary loss to her children was $2,000, such answers are not in
such conflict with the general verdict as could not be removed
by evidence admissible under the issues, so that the general
verdict must stand. p. 668.

4. APPEAL.—*Review.*—*Instructions.*—*Cure of Error by Other
Instructions.*—In an action for death in a railroad crossing

accident, error, if any, in an instruction on the subject of defendant's liability for failure to give signals because the instruction, which was not mandatory, failed to inform the jury that to make defendant liable the neglect to give the statutory signals must be the proximate cause of the injury and death, and that there must be dependent next of kin, was cured where these elements were supplied by other instructions. p. 669.

5. RAILROADS.—*Crossing Accidents.—Instructions.*—In an action for death in a railroad crossing accident, where defendant contended that after decedent crossed the track on the south side of the street, she started to walk north along the side of the track, an instruction that decedent, in crossing from her home on the south side of the track to her daughter's home on the north side thereof, had a right to use any part of the street and any part of the track located therein, and that she could not be charged with contributory negligence in using the track within the limits of the street, merely meant that decedent had a right to use any part of the street and any part of the track located therein and that such use of the track would not of itself be contributory negligence, and such instruction was not objectionable as informing the jury that deceased could not be charged with contributory negligence in using the track within the limits of the street. p. 670.

6. TRIAL.—*Instructions.—How Construed.*—Instructions should be construed as a whole and given a reasonable interpretation, and a cause will not be reversed for some slight inaccuracy of expression when it is apparent that the jury could not have been misled thereby. p. 670.

7. APPEAL.—*Review.—Harmless Error.—Instructions.*—Error, if any, in an instruction relating to the amount of damages is harmless, where appellant presents no question as to excessive damages. p. 671.

8. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Jury Questions.—Sufficiency of Evidence.*—In an action for death in a crossing accident, where there was some evidence that decedent used care in approaching and going upon the railroad track, it was for the jury to determine whether deceased used that degree of care which an ordinarily prudent person would have used under the circumstances. p. 671.

9. DEATH.—*Action for Death.—Defendants.—Statute.*—Under §285 Burns 1914, Acts 1899 p. 405, giving the right of action for wrongful death and providing that the damages inure to the benefit of the widow, and children, if any, or next of kin, if there is any evidence that decedent contributed to the support of her children, and there was some probability that she would have continued to so contribute but for her death, such

pecuniary loss is shown as will support a judgment for wrongful death, even though there was no legal duty to contribute to the support of such children.  p. 672.

10.  DEATH.—*Action for Death.—Dependency.—Evidence.—Sufficiency.*—In an action for wrongful death, evidence showing that two adult children of decedent, a son and a daughter, lived with her, that she looked after the son's clothes and cooked for him, that she owned the house they lived in and the household goods, and kept house, and that at the time she was killed decedent was a stout, healthy woman, is sufficient to show that the next of kin had a pecuniary interest in the life of the deceased, which was sufficient to support a recovery for her death.  p. 672.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Burdette C. Lutz, administrator of the estate of Lydia A. Steirheim, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Frank L. Littleton* and *M. Z. Stannard,* for appellant.
*H. W. Phipps* and *George H. D. Gibson,* for appellee.

IBACH, P. J.—Appellee recovered a judgment against appellant for $2,000 as damages for the killing of his decedent at a public street crossing in the town of Charlestown.  Appellant assigns as error:  (1) The overruling of its demurrer to the first paragraph of amended complaint; (2) the overruling of its demurrer to the second paragraph of amended complaint; (3, 4) the overruling of its motion for judgment on the answers to interrogatories, and for a new trial, respectively.

The first two assigned errors present no question. This is a second appeal. *Lutz, Admr.,* v. *Cleveland, etc., R. Co.* (1914), 59 Ind. App. 16, 108 N. E. 886.  The rulings on the demurrers now complained of were made prior to the judgment from which the former appeal was taken and were properly assignable as cross-errors in that appeal.  "The ques-

tion might have been presented in the previous appeal by assigning cross-errors. Appellant failed to do this, and thereby waived any right to its consideration on a subsequent appeal, which presents nothing for review except proceedings subsequent to the reversal." *Chicago, etc., R. Co.* v. *City of Bloomington* (1914), 182 Ind. 236, 238, 105 N. E. 561; *Stevens* v. *Templeton* (1909), 174 Ind. 129, 131, 91 N. E. 563. See, also, *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 347, 348, 106 N. E. 646.

Appellant next insists that the court erred in overruling its motion for judgment on the answers to interrogatories. The principles of law applicable to such question are set out in the former opinion, as is also an abstract of the pleadings which we here adopt.

Appellant's chief contention may well be stated in two propositions: First, the findings *indicate* a condition of contributory negligence, which bars the right to recover; and, secondly, the facts found "show that the alleged next of kin had no pecuniary interest in the life of the deceased, *for the reason that none of them were dependent upon her."* (Our italics.)

In support of the first proposition, appellant in effect contends that—from the place decedent was when struck and from the length of time she was upon or near the track, as found by the answers to interrogatories, and owing to her opportunity for seeing the approaching train—in failing to see, she was guilty of contributory negligence as a *matter of* law.

Giving to appellant the benefit of a construction of the interrogatories and answers most favorable to it, which we are not required to do, they show upon this phase of the question in substance the following: For ten years prior to her death decedent resided within from sixty to eighty feet of the crossing where she was

killed. Water street ran east and west and the railroad ran north and south, almost at right angles. The decedent lived west of the railroad. On December 15, 1908, between six and seven o'clock in the evening, decedent and her daughter Mae left their home to go to the home of another daughter who lived east of the railroad. They walked together along the south side of Water street to a point about four feet west of the west rail of the railroad track, when the daughter left her mother and went back to decedent's home and closed two of the shutters. When the daughter left her, decedent was walking at an ordinary gait toward the railroad track. The daughter returned to a point within three to five feet of the west rail of the railroad track before the train entered Water street. After her daughter left her, decedent did not continue on in an easterly direction until she crossed the railroad track, and did not cross the railroad track near the southern line thereof. Decedent did not cross the track and while she was on the east side thereof walk northwardly and about parallel with the track. She did not cross the track and remain on the east side of the track until she was struck and injured.

There was a driveway on and along Water street, the center line of which coincided approximately with the center line of said street. This driveway was about sixteen feet in width. There was a tile drain pipe beneath the driveway east of the railroad track, which extended from north to south, the north end of which was within eight feet of the sidewalk on the north side of said street. Decedent was north of the north end of the tile drain pipe when she was struck and injured. Decedent did not travel from the west to the east side of the railroad track and thence to a point north of the tile drain after her daughter left her and before she was struck and injured. Water street was

between fifty-five and sixty feet in width, including sidewalks. Decedent stopped before attempting to cross the railroad track, for the purpose of determining whether a train was approaching.

In answer to other interrogatories the jury found that there were embankments and trees which obstructed a full view of the railroad tracks to the north, and that there was a train on a siding or railroad track south of decedent, the locomotive engine of which was puffing, sounding its whistle and ringing its bell when she started to walk northwardly and across said railroad track.

The rule contended for by appellant—that a person approaching a railroad crossing is bound to see what could have been seen and to hear what could have been heard—is not applicable to the circumstances shown to exist in this case. *Dieckman* v. *Louisville, etc., Traction Co.* (1909), 46 Ind. App. 11, 16, 89 N. E. 909, 91 N. E. 179; *Union Traction Co., etc.* v. *Haworth* (1918), 187 Ind. ——, 115 N. E. 753; *Lutz, Admr.*, v. *Cleveland, etc., R. Co., supra.*

As affecting the second proposition the following interrogatories and answers are set out:

"Was not decedent's daughter, Mae Stierheim, living with her mother and dependent upon her for support, advice and assistance at the time of her death? Answer. Yes."

"Was decedent's son, Arthur Stierheim, living with his mother, and depending upon her for help, advice and assistance, at the time of her death? Answer. Yes."

"Was the deceased a widow? Answer. Yes."

"Was Mae Stierheim between 24 and 25 years of age at the time of the death of the deceased? Answer. Yes."

"Was Arthur D. Stierheim a man about thirty years of age at the time of his mother's death? Answer. Yes."

"Was Walter A. Stierheim, Charles E. Stier-

heim, Bertha Henderson and Tille A. Marrow all surviving children of the deceased? Answer. Yes."

"Was Walter A. Stierheim dependent upon his mother? Answer. No."

"Was Charles E. Stierheim dependent upon his mother? Answer. No."

"Was Bertha Henderson dependent upon her mother? Answer. No."

"Was Tillie A. Marrow dependent upon her mother? Answer. No."

"Considering the said Lydia Stierheim's age at the time of her death, the increased care and attention she would have required as she advanced in years, and her increasing disability for work, what was the actual pecuniary loss to her children, or to any or either of them, by her said death? Answer. Two thousand dollars ($2,000.00)."

"Considering the said Lydia Stierheim's age at the time of her death, and the increased care and attention she would likely have required as she advanced in years, and her increasing disability for work, and considering the reasonable value and cost of her maintenance and care, what was the actual pecuniary loss to her children by reason of her death? Answer. Two thousand dollars ($2,-000.00)."

The answers to the interrogatories are not in such conflict with the general verdict as could not be removed by evidence admissible under the issues; therefore, the general verdict must stand.

Instruction No. 5, given at request of appellee, is objected to. Appellant claims this instruction undertakes to enumerate a state of facts which, if 4. proved, would authorize a recovery, and is erroneous because of its failure to inform the jury: (1) That the neglect of appellant to give the signals required by statute must be the proximate cause of the injury and death; and (2) that there must be dependent next of kin.

This was not a mandatory instruction, and, when

construed with the other instructions given, especially No. 4, requested by appellee, and Nos. 8 and 9 at the request of appellant, both elements were supplied; the second being more favorable to appellant than the law warrants. *Indianapolis, etc., R. Co.* v. *Sample* (1914), 58 Ind. App. 461, 108 N. E. 400; *Burford* v. *Dautrich* (1913), 55 Ind. App. 384, 103 N. E. 953, 956; *Chicago, etc., R. Co.* v. *Lain* (1913), 181 Ind. 386, 103 N. E. 847; *Vandalia R. Co.* v. *Holland* (1915), 183 Ind. 438, 441, 108 N. E. 580; *Marietta Glass Mfg. Co.* v. *Bennett* (1915), 60 Ind. App. 435, 106 N. E. 419.

Instruction No. 8, complained of, reads: "I instruct you that decedent, Lydia A. Stierheim, in crossing from her home on the south side of Water street to her daughter's on the north side of Water street, if the evidence shows she did cross said street, had a right to use any part of said street and any part of said railroad track located within said street, and said decedent cannot be charged with contributory negligence in using said railroad track within the limits of said street, if the evidence shows she did use said railroad track." Appellant's objection is that contributory negligence is a question for the jury, and that said instruction was bad in that it informed the jury that deceased could not be charged with contributory negligence in using the railroad track within the limits of a street. Instructions are to be construed as a whole and are to receive a reasonable construction. A cause will not be reversed for some slight inaccuracy of expression when it is apparent that the jury could not have been misled thereby. The instruction, in short, told the jury that the decedent had a right to use any part of the street and any part of the railroad track located within said street, and that *the use* by decedent of the railroad track within the limits of said street in crossing from

her home on the south side of said street to the home of her daughter on the north side of said street would not *of itself* be contributory negligence. When given a reasonable construction, the instruction is not open to the objection made against it. *Coppage* v. *Gregg* (1890), 1 Ind. App. 112, 27 N. E. 570; *Union Traction Co.* v. *Pfeil* (1906), 39 Ind. App. 51, 78 N. E. 1052.

Complaint is also made of instruction No. 9 on the amount of damages. The objection is that it authorized the jury to take into consideration elements not applicable to the case made under the evidence. Appellant presents no question relating to excessive damages. This renders unnecessary a consideration of the instruction, for the reason that, if erroneous, the giving of it was harmless error. *City of Terre Haute* v. *Lauda* (1914), 58 Ind. App. 480, 485, 108 N. E. 392, and cases cited; *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 307, 107 N. E. 749.

Finally, it is insisted that the verdict is not sustained by sufficient evidence. This contention is based on the same propositions above set out in discussing the motion on the answers to interrogatories.

The evidence shows without conflict that appellant was guilty of negligence and there is ample evidence to show that such negligence was the proximate cause of decedent's injury and death. Appellant seeks to apply the "look and listen" rule to the facts and circumstances of this case and to hold decedent guilty of contributory negligence as a matter of law. This rule is not applicable to all cases, and this is one. There are many circumstances, a number of which were enumerated in the former opinion, also applicable here, to detract decedent's attention from the approaching train, which with excessive speed and without warning bore down upon her. There is some evidence to show

that she used care in approaching and going upon the railroad track. Whether or not the degree of care was that which an ordinarily prudent person would have used under the circumstances was a question for the jury, which they by their general verdict found in favor of appellee.

Upon the second proposition appellant, in effect, concedes that the youngest son and the youngest daughter were dependent upon their mother to some extent. It is not necessary, under §285 Burns 1914, Acts 1899 p. 405, that there be a legal duty to contribute to their support. If there was any evidence tending to show that the decedent did in fact contribute to one or more of her children and that there was some probability that she would have continued to contribute but for her death, such pecuniary loss is shown as will uphold the judgment. While the evidence upon this feature of the case is not strong, its weight cannot be called in question here. There was evidence that a son and a daughter lived with the mother; that the mother looked after the son's clothes and cooked for him; that the mother owned the house they lived in and that she owned the household goods and kept house; that at the time she was killed decedent was a stout, healthy woman. Other evidence might be given, but we deem it unnecessary. It is sufficient to say that, taking the evidence as a whole, it tended to support the material allegations of appellee's complaint and the motion for new trial was properly overruled on this point.

No reversible error having been pointed out, the judgment is affirmed.

NOTE.—Reported in 116 N. E. 429. Wrongful death: action, who are "dependents" within meaning of statute, Ann. Cas. 1912B 733, 13 Cyc 321.