CITY OF NEW ALBANY *v.* LYONS,. ADMINISTRATRIX.

[No. 9,456.    Filed February 8, 1918.    Rehearing denied May 16, 1918.    Transfer denied March 5, 1919.]

1. EVIDENCE.—*Judicial Notice.—Record of Former Appeal.*—The court will take judicial notice of the contents of the record on a former appeal in order to ascertain what in fact was determined thereby. p. 482.

2. APPEAL.—*Subsequent Appeals.—Law of the Case.—Amendment of Complaint.—Effect.*—In determining whether a decision on a former appeal is the law of the case, an amendment of the complaint subsequent to the reversal on such appeal is of no consequence where there is no substantial difference between the two complaints. p. 482.

3. APPEAL.—*Prior Appeal.—Reversal.—Subsequent Proceedings.—Defenses.—Law of the Case.*—While on a new trial after reversal defendant may generally change the theory of its defense, such change must be limited to a theory not precluded by the decision on the former appeal, and a defense based on the theory of the insufficiency of the complaint would be ineffectual, where the complaint on the former appeal had been held sufficient, or the right to question its sufficiency had been waived. p. 483.

4. APPEAL.—*Subsequent Appeals.—Law of the Case.*—A decision made on appeal of a cause becomes the law of the case on all subsequent appeals involving the same questions, regardless of whether such decision was right or wrong. p. 484.

5. APPEAL.—*Subsequent Appeals.—Law of the Case.*—Where the questions presented on a second or subsequent appeal were necessarily involved in a former appeal and the conclusion declared could not have been reached without expressly or impliedly deciding such questions, the decision on the former appeal rules the case throughout all subsequent stages. p. 484.

6. APPEAL.—*Subsequent Appeals.—Law of the Case.—Matters Concluded.*—The decision of a question involved in a former appeal is controlling in all the subsequent stages of the cause, regardless of what form the question assumes, so long as it is in fact the same question. p. 485.

7. APPEAL.—*Subsequent Appeals.—Law of the Case.—Sufficiency of Pleadings.*—Where a complaint has been held sufficient on a former appeal of a case, that decision will be adhered to on all subsequent appeals, unless the pleading has been amended so as to materially change its character. p. 485.

City of New Albany *v.* Lyons, Admx.—69 Ind. App. 478.

8. APPEAL.—*Law of the Case.—New Trial.—Pleadings.—Amendments.—New Evidence.*—Where a cause has been reversed on appeal, amendments to a pleading which only amplify, or the introduction of other evidence which is only cumulative, does not prevent the operation of the rule of the law of the case. p. 485.

9. APPEAL.—*Subsequent Appeals.—Questions Reviewable.—Waiver.* —All questions reserved for review must be presented on the first appeal thereafter from a final judgment or not at all, and all questions presented by the record will be considered as finally determined by the judgment on appeal, those questions not expressly affirmed or reserved being, by implication, deemed affirmed, and a failure to present any such question is a waiver of any right to its consideration on a subsequent appeal. p. 485.

10. APPEAL.—*Prior Appeal.—Law of the Case.—Matters Concluded.*—When a question is once determined on appeal and the cause is remanded, the decision is binding both on the trial and appellate courts, and cannot be reversed on a subsequent appeal. p. 485.

11. APPEAL.—*Law of the Case.—Questions Concluded.—Sufficiency of Pleading.*—The decision of the appellate court on a former appeal that the giving of an instruction directing a verdict for defendant was erroneous was an implied holding that the complaint on which the trial was had stated a cause of action, as otherwise the giving of the instruction was proper and a new trial unauthorized; hence, the sufficiency of the complaint cannot be considered on a subsequent appeal. p. 486.

12. APPEAL.—*Subsequent Appeals.—Right of Review.—Sufficiency of Pleadings.—Waiver.*—Where defendant city, on the overruling of its demurrer to a complaint against it in an action for the wrongful death of an employe, duly excepted, thereby reserving a question for the determination of the appellate court, but on plaintiff's appeal from an adverse judgment it failed to file cross-errors and have the reserved question as to the sufficiency of the complaint determined, it waived its right to have that question considered on a subsequent appeal, and could not on such appeal challenge the sufficiency of the complaint on the ground that plaintiff had no cause of action because decedent, at the time he was killed, was performing a governmental service on behalf of the city, even though such question was not raised until the last trial of the cause, since a party demurring to a pleading and receiving an adverse ruling thereon must not only present such ruling for review on the first appeal from a final judgment thereafter, but he must present all reasons on which he bases his alleged error, or he will be deemed to have waived the same. p. 487.

13. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Jury Questions.*—Where, in an action for wrongful death, there was some evidence to support each material allegation of the complaint and no evidence showing conclusively that decedent was guilty of contributory negligence, it was proper for the court to refuse a peremptory instruction for defendant. p. 490.

From Scott Circuit Court; *Robert A. Creigmile,* Judge.

Action by Mollie Lyons, administratrix of the estate of Harry Lyons, deceased, against the city of New Albany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Korbly & New, Jewett, Bulleit & Jewett* and *S. B. Walls,* for appellant.

*John W. Ewing, Samuel L. Trusty, Noble Hays* and *George H. Hester,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant for damages on account of the death of Harry Lyons, which it is charged was caused by the carelessness and negligence of appellant, while he was in its employ, repairing or adjusting an electric fire-alarm system maintained by it. The cause was tried on an amended complaint filed subsequently to the judgment of reversal on a former appeal. Appellant filed a demurrer to the same for want of facts, which was overruled. No memorandum was filed with such demurrer, and none was necessary, as this action was pending when the act of 1911 requiring the same took effect. The issues were closed by an answer in general denial. The cause was submitted to a jury for trial. At the close of all the evidence appellant filed a motion for a peremptory instruction in its favor, which was overruled. The jury returned a verdict in favor of appellee for $3,000, and judg-

City of New Albany *v.* Lyons, Admx.—69 Ind. App. 478.

ment was rendered accordingly. Appellant filed its motion for a new trial, which was overruled, and has assigned errors which call in question the action of the trial court in. overruling its demurrer to appellee's amended complaint, and in overruling its motion for a new trial.

Appellee contends that appellant, in the preparation of its brief, has failed to comply with that part of Rule 22, relating to separately numbered propositions or points under a separate heading of each error relied on. An inspection of appellant's brief discloses that there has been such a substantial compliance with such rule, in the particular named, to enable us to consider the questions we are required to determine on this appeal.

Appellant contends that the court erred in overruling its demurrer to the amended complaint on which the last trial was had. It bases this contention on a claim that the allegations of such complaint show that the decedent, Harry Lyons, at the time he received his fatal injuries, represented appellant in the maintenance and operation of its fire department; that in so doing he was performing a governmental service on its behalf, and hence it is not liable for such injuries. It further contends that the uncontradicted evidence on the trial established such fact, and hence the court erred in refusing to instruct the jury at the close of the evidence to return a verdict in its favor. As against these contentions appellee asserts: First, that this court, on a former appeal of this cause, determined that appellant was liable to appellee on proof of the facts stated in its amended complaint, and that such determination, as to the liability of appellant on such facts, is now "the law

of the case.'' If appellee is correct in this contention, its remaining contention, as to what such amended complaint in fact shows with referenec to appellant's liability, will not require consideration.

These opposing contentions call for a consideration of such former appeal, in order to ascertain what, in fact, was determined thereby. In so doing this court will take judicial notice of the contents of the record on such appeal. *Hancock* v. *Diamond Plate Glass Co.* (1906), 37 Ind. App. 351, 75 N. E. 659; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788. An examination of such record discloses that this action was commenced by appellee against appellant and the United Gas and Electric Company on March 28, 1908, for damages on account of the death of said Harry Lyons, while he was in the employ of appellant, repairing or adjusting an electric fire alarm system maintained by it, by reason of the alleged carelessness and negligence of appellant and said company. The complaint was in two paragraphs, to each of which a demurrer was filed for want of facts, and overruled. The issues were closed by an answer in general denial. Appellee dismissed her complaint as to said company, and thereafter the case was submitted to a jury for trial. At the close of appellee's evidence, on motion of appellant, the jury was instructed to return a verdict in its favor, which was done, and judgment was rendered accordingly. A motion for a new trial was filed and overruled. Appellee appealed to this court, and assigned the overruling of her motion for a new trial as error, thereby challenging the action of the court in giving such peremptory instruction in favor of appellant. This

court held that the giving of such instruction was error, reversed the judgment of the lower court, with instructions to sustain appellee's motion for a new trial. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20. On the cause being remanded to the trial court, the issues were reopened, and appellee filed an amended complaint in one paragraph, being the complaint on which issues were made, trial had, and the judgment rendered, from which the present appeal is prosecuted, as hereinbefore stated. A comparison of said amended complaint with the complaint involved in said former appeal discloses that said two complaints in all essential and material respects are the same. Therefore the fact of such amendment, subsequent to the reversal of the former appeal, is of no consequence in determining the question under consideration, since there is no substantial difference in the character of the two complaints. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1901), 26 Ind. App. 614, 60 N. E. 372; *State, ex rel.* v. *Christian* (1897), 18 Ind. App. 11, 47 N. E. 395; *Shirk, Exr.,* v. *Lingeman* (1901), 26 Ind. App. 630, 59 N. E. 941; *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521, 45 N. E. 697; *Nave* v. *Powell* (1916), 62 Ind. App. 274, 110 N. E. 1016.

Appellant does not claim that the amended complaint on which the second trial was had presents any new issue, or that it differs in any essential particular from the amended complaint on which the first trial was had, but relies on the fact that the nature of its defense had been changed. While appellant had a right, generally speaking, to change the theory of its defense on the second trial, it is evident that such change must be limited to a

theory not precluded by the decision on the former appeal. Thus a defense based on the theory of the insufficiency of the complaint would be ineffectual, if such complaint on the former appeal had been determined to be sufficient, or the right to question its sufficiency had been waived.

Appellant, however, contends that the question on which it relies for a reversal on this appeal, viz., the nonliability of appellant, by reason of its being engaged in the discharge of a governmental duty, in the conduct of the work in which appellee's decedent was killed, was not presented, considered, or determined on said former appeal; and therefore it is not precluded from having it determined on this appeal.

As affecting this contention, the following rules are well settled in this state: Decisions, made on an appeal of a cause, become "the law of the case"

4. on all subsequent appeals involving the same questions. *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Foudray* v. *Foudray* (1913), 54 Ind. App. 164, 101 N. E. 679. This is true, whether the decision on such former appeal was right or wrong. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470. Where the questions

5. presented on a second or subsequent appeal were necessarily involved in a former appeal, and where the conclusion declared could not have been reached, without expressly or impliedly deciding such questions, the decision on such former appeal rules the case throughout all subsequent stages. *Forgerson* v. *Smith, Admr.* (1885), 104 Ind. 246, 3 N. E. 866; *Harmon* v. *Pohle* (1914), 55 Ind. App. 439, 103

N. E. 1087; *Board, etc.* v. *Bonebrake, supra;*

6.   *McKinney* v. *State, ex rel.* (1889), 117 Ind. 26, 19 N. E. 613.   This is true, no matter what form the question assumes on either appeal, so long as it is in fact the same question. *Forgerson* v. *Smith, Admr., supra; Board, etc.* v. *Bonebrake, supra.*

The determination of the sufficiency of a pleading on appeal comes within the rule, and any decision so made in that regard will be adhered to on all

7.   subsequent appeals, unless such pleading has been amended so as to. materially change its character.   *Lillie* v. *Trentman, supra; James*

8.   v. *Lake Erie, etc., R. Co., supra.*   Amendments to a pleading which only amplify, or the introduction of other evidence which is only cumu-

9.   lative, does not prevent the operation of the rule in question.   *Alerding* v. *Allison* (1908), 170 Ind. 252, 83 N. E. 1006, 127 Am. St. 363.   All questions reserved for a review by an appellate court must be presented on the first appeal from a final judgment, or not at all; for thereafter all questions presented by the record will be considered as finally determined by the judgment.   All such questions, not expressly affirmed or reserved, will, by implication, be deemed affirmed.   A failure to present any such question will be a waiver of any right to its consideration on a subsequent appeal.   *Stevens* v. *Templeton* (1910), 174 Ind. 129, 91 N. E. 563; *Chicago, etc., R. Co.* v. *City of Bloomington* (1914), 182 Ind. 236, 105 N. E. 561.   When a question is

10.   once determined on appeal, and the cause is remanded, such decision is binding both on the trial court and this court, and cannot be reversed on

a subsequent appeal. *Dodge* v. *Gaylord* (1876), 53 Ind. 365.

Applying these rules to the instant case, we conclude that the sufficiency of the complaint on which the last trial was had cannot be considered on this appeal. Two facts connected with such former appeal lead to this conclusion; one being the action of this court in holding that the trial court erred in giving the jury a peremptory instruction to return a verdict in favor of appellant, and the other being the failure of appellant to file cross-errors, and thereby challenge the correctness of the court's action in overruling the demurrer to the amended complaint on which such former trial was had. When the ruling of the trial court, in giving such peremptory instruction, was challenged by appellee on said former appeal, this court was called upon to determine whether the evidence was such, under the issues, that the jury might have properly returned a verdict in her favor had the case been submitted to it for determination. *Dietrich* v. *Minas* (1916), 61 Ind. App. 333, 109 N. E. 930. There was an express determination of this question in appellee's favor, and as a result the judgment was reversed and a new trial was ordered. This determination and action of the court was an implied holding that the complaint on which the trial was had stated a cause of action, otherwise the giving of such peremptory instruction was proper, and a new trial was unauthorized. The conclusion we have reached finds support in the following cases: *Goldsmith* v. *First Nat. Bank* (1912), 50 Ind. App. 11, 96 N. E. 503; *Harmon* v. *Pohle, supra; Western Union Tel. Co.* v. *Sutton* (1910), 140 Ky. 729, 131 S. W. 773; *Lutien* v. *Kewau-*

*nee* (1913), 151 Wis. 607, 139 N. W. 312; *South Bend Chilled Plow Co.* v. *George C. Cribb Co.* (1900), 105 Wis. 443, 81 N. W. 675; *McCowen* v. *Pew* (1912), 18 Cal. App. 302, 123 Pac. 191. Under the rule stated *supra* the said implied decision on the former appeal, as to the sufficiency of such complaint, must now be considered "the law of the case."

But regardless of any implied decision as to the sufficiency of the amended complaint appellant must be held to have waived its right to have such sufficiency considered on appeal. It should be noted that appellant, prior to the first trial of this cause, filed a demurrer to the amended complaint on which such trial was had. The court overruled this demurrer and appellant duly excepted, thereby reserving a question for the determination of this court. The judgment on such trial was in appellant's favor, and appellee appealed. Appellant was thereby given an opportunity to file cross-errors and have the reserved question, as to the sufficiency of such complaint, determined on such former appeal. In fact it was bound to do so, or forego its right in that regard. It failed to avail itself of such alleged error, and thereby waived its right to have the same considered on a subsequent appeal. *Stevens* v. *Templeton, supra; Chicago, etc., R. Co.* v. *City of Bloomington, supra; Cleveland, etc., R. Co.* v. *Lutz, Admr.* (1917), 64 Ind. App. 663, 116 N. E. 429.

But appellant contends in effect that in presenting the question of governmental duty, as affecting its liability in this case, it is submitting a new question, which was never raised or mentioned until the last trial of the cause, and hence its determination was not involved in the former appeal; that by reason of

such fact it is within its rights in presenting the same at this time and asking that it be determined. In making such contention appellant evidently overlooks the fact that "the law of the case" may become settled by an implied as well as by an express decision. *Forgerson* v. *Smith, Admr., supra; Harmon* v. *Pohle, supra; McKinney* v. *State, ex rel., supra; Stevens* v. *Templeton, supra.* It evidently overlooks the further fact that a question not presented on a former appeal may be waived. *Chicago, etc., R. Co.* v. *City of Bloomington, supra.* It is now well settled in this state that when a party demurs to a pleading and receives an adverse ruling thereon, he must not only present such ruling for review at the first appeal from a final judgment thereafter, but he must present all reasons on which he bases his alleged error, or he will be deemed to have waived the same. *Stevens* v. *Templeton, supra; Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734. Some earlier cases may appear to hold the contrary, but the case last cited is decisive here. In that case the court was considering the same on a second appeal. The opinion discloses that the trial court had overruled appellant's demurrer to the complaint for want of facts, prior to the first appeal. Such ruling was presented as error on such first appeal, and the decision was adverse to appellant. On the second appeal appellant contended that the sufficiency of the complaint was not passed upon in the former appeal, and that the court did not declare in terms that it stated a cause of action; that the opinion of the court on said first appeal showed that it was only determined that the complaint was not subject to the one objection then made against its sufficiency. Based on

this contention, appellant urged on such second appeal a number of additional alleged defects in the complaint, which it claimed made it fall short of stating a cause of action, and asked that its sufficiency be again considered and determined. This the Supreme Court refused to do, and in passing upon such question said in the course of its opinion on page 53: "If appellant saw fit to withhold in that (the first) appeal the objections now made to the complaint it has waived them and they are not available for further prolonging the litigation. Any other conclusion would permit a party against whom a judgment had been taken on a complaint containing a number of alleged defects, each claimed to render it insufficient as a statement of a cause of action, to present the question of the validity of the complaint, involved in one ruling on demurrer, in as many appeals as objections to it might be conjured by a fertile mind. Such a practice would be an outrageous offense against the guaranty of a speedy administration of justice and has been before denied by this court." Applying this rule to the instant case, it will be noted that appellant demurred to the amended complaint prior to the first trial on the ground of insufficient facts, and received an adverse ruling to which it duly excepted. If appellant believed the ruling was erroneous for any reason whatsoever, and desired to challenge the same in this court, it was bound to do so on the first appeal in order to avoid a waiver. This was not done, and a consideration of the sufficiency of such complaint, and all amendments thereof, which do not materially change its character, must now be denied, regardless of the new question which appellant seeks to present.

The wisdom of the rule stated in the case last cited is well illustrated by the facts of this case. If the maintenance of an electric fire alarm system, in the repair or adjustment of which appellee's decedent was killed, was in fact the discharge of a governmental duty only, as appellant now contends, this case presents the unusual feature of a defendant, in an action for damages on account of personal injuries, having an absolute defense, which, if presented by demurrer to the complaint on which the cause was first tried, might have finally disposed of the case in its favor, and which certainly would have done so on the first appeal, keeping such defense in reserve until the close of all the evidence on the final trial, notwithstanding a number of earlier opportunities existed for its effective presentation. Under these circumstances such rule should be given effect in the interest of a speedy determination of litigation. The conclusion we have reached renders it unnecessary to further consider such amended complaint.

A consideration of the record discloses that there was some evidence to support each material allegation of such amended complaint, and no evidence which shows conclusively that such decedent was guilty of contributory negligence. This leads us to conclude that the court did not err in refusing to give the peremptory instruction requested. Appellant has not pointed out any error of the court, in giving or refusing other instructions, not covered by the conclusion announced. Other alleged errors in the motion for a new trial are waived by a failure to present the same.

It therefore follows that the court did not err in

NOVEMBER TERM, 1918.    491

overruling appellant's demurrer to the amended com-
plaint, nor in overruling its motion for a new trial.
Judgment affirmed.