PIERCE v. MERCHANTS HEAT AND LIGHT COMPANY.

[No. 23,283. Filed June 15, 1920. Rehearing denied October 29, 1920.]

1. CONTINUANCE.—Abuse of Discretion.—Reversible Error.—Where defendant, by his verified petition for a continuance, supported by a number of certificates of physicians and surgeons attending the various members of his family, demonstrated that not only was he, himself, ill, but that he was so mentally distressed by the illness of the other members of his family as to be unfit to assist his counsel in presenting his defense, the court abused its discretion in denying a continuance, notwithstanding that the conduct of the defendant with regard to his pleadings had been such as to much delay the progress of the cause, and although on a former continuance, granted at the request of defendant, his attorneys had promised the court that they would not ask for

another; and, for such refusal to grant a continuance, the judgment will be reversed.   p. 574.

2.   APPEAL.—*Briefs.—Index to Transcript.—Exhibits to Pleadings.*—Where contracts are referred to as being attached to and made parts of pleadings, no question is presented on appeal upon the rulings of the trial court upon demurrers to such pleadings, when such contracts are not set out in appellant's brief nor mentioned in the index to the transcript.   p. 577.

From Shelby Circuit Court; *David L. Wilson*, Special Judge.

Action by Merchants Heat and Light Company against Henry D. Pierce.   From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Reversed.*

*Douglas Pierce, Richard L. Ewbank, Henry D. Pierce, James Bingham, Remster A. Bingham* and *Myers, Gates & Ralston*, for appellant.

*Russell T. MacFall, Smith, Remster, Hornbrook & Smith* and *Isaac Carter*, for appellee.

HARVEY, J.—Appellee prosecuted this action against appellant upon a promissory note. Issues were formed by seven paragraphs of answer and replies to said answers, and by two paragraphs of counterclaim, endeavoring to recover damages.

Without going into detail as to the contents of said answers and replies, we feel justified in saying that such issues of fact were presented as entitled appellant to a trial thereof.

The cause was set for trial, and appellant presented a petition requesting a continuance thereof.   This verified petition recited that defendant's only grandchild was lying at the point of death, and in the opinion of physicians could not live more than a few

days; that the defendant's wife, the child's grandmother, had recently undergone a very severe surgical operation, and had not recovered therefrom; that the grandchild's mother had recently undergone a surgical operation, and continued ill from the effects thereof; that defendant's only daughter had recently suffered from a prolonged typhoid fever, and had not recovered therefrom; that the defendant was also sick, and left his sick-bed to negotiate a settlement of said matters, or to secure a continuance. The petition was supported by a number of certificates of physicians and surgeons attending the various members of appellant's family so recited to be ill; and thus it was demonstrated that not only was appellant himself ill, but was so mentally distressed by the illness of the other members of his family that he would have been of little or no assistance to his counsel in the trial of the complicated facts in issue; and in addition to said inability he was compelled to be absent as a witness, and it appears from the record that all the transactions and negotiations in reference to the matters alleged were conducted by appellant personally, and that he was the only person sufficiently acquainted therewith to testify in his behalf.

On the other hand, it may be fairly said, as shown by the record, that defendant was guilty of much procrastination and delay, of frequently causing additional pleadings to be filed after the withdrawal of pleadings earlier filed, and, though such changing of the issues was done by leave of court and the pleadings filed were signed by counsel for defendant, yet it appears that defendant is a member of the bar and signed some of the papers filed in this cause as counsel for himself; and we believe it is not too much

to say that defendant personally insisted upon such changes and delays, with the result that the personnel of his retained counsel frequently changed, and counsel employed in Shelby county had been led by these aggravating circumstances to promise the court at the time of the granting of the former continuance at the request of defendant that they would not ask for another; and because of such aggravation, and because of said promise so made, said counsel withdrew appearance at the time the request for the continuance now in controversy was filed.

We have no doubt all of these things operated upon the mind of the court, and probably caused the court to give less credit to the statements in defendant's application for a continuance than they were otherwise entitled to.

However, we cannot overlook the fact that at the particular time in question defendant was harassed by an unusual and extraordinary number of specific cases of sickness and suffering in his family; and we must conclude, in view of the certificates of the physicians and surgeons, that he was unfit to assist his counsel in presenting his defense in this case.

While such petition for a continuance is addressed to the sound discretion of the court, and a ruling denying the same will not be reversed unless said discretion can legally be said to have been abused, yet, under all the circumstances shown here, we are satisfied that a continuance should have been granted, and that to refuse the same was an abuse of discretion.

1. Inasmuch as the pleadings and issues may be changed, we do not deem it necessary to consider more fully whether there was error in the ruling on the demurrers.

Because of error in refusing to grant a continuance, the judgment below is reversed, with instructions to grant appellant a new trial.

### On Petition for Rehearing.

Per Curiam.—On June 15, 1920, this cause was reversed, and an opinion was filed, prepared by Hon. Lawson M. Harvey, one of the justices of this court, by which it was directed that a new trial should be granted, for error in overruling appellant's motion for a continuance, but which stated that, "Inasmuch as the pleadings and issues may be changed, we do not deem it necessary to consider more fully whether there was error in the ruling on the demurrers."

On June 17, 1920, the appellee filed a waiver of the right to petition for a rehearing, and the next day the cause was certified back to the Shelby Circuit Court, and as we are informed by a statement in the brief of counsel not challenged by opposing counsel, it was set for trial July 19, 1920. On June 25, 1920, Judge Harvey died. On July 13, 1920, appellant filed in this court his petition for rehearing, asserting that four designated rulings of the trial court, on demurrers of the appellant to the second paragraph of reply to each of the sixth and ninth paragraphs of appellant's answer, and to the second paragraph of reply to each of the seventh and eighth paragraphs of appellant's cross-complaint, "were assigned and relied on for reversal of the cause and presented by the record and by appellant's brief," and that, being "duly presented for decision" and passed over by this court in silence, the trial court would treat them as decided against appellant, unless this court should otherwise declare on rehearing, under the rule stated

in the case of *Stevens* v. *Templeton* (1910), 174 Ind. 129, 91 N. E. 563, and demanding a decision as to the sufficiency of each of said pleadings to withstand a demurrer.

In the absence of Judge Harvey, who had died as above stated, and of a ready means of knowing the merits of said petition, the opinion and mandate of the court were recalled, and an unchallenged statement in appellee's brief further informs us that the same morning the order recalling them was carried to the Shelby Circuit Court, and the trial date was annulled.

Upon a careful examination of appellant's original brief, we find that, as therein set out, appellee's second paragraph of reply to each of the sixth and ninth paragraphs of appellant's answer recited that at the time the note sued on was executed "a new contract in writing was entered into between the parties hereto, a copy of which contract, together with a copy of the rules and regulations therein referred to, is attached to plaintiff's reply to the third and fourth paragraphs of defendant's answer herein, marked 'Exhibit A' and made a part thereof." And we further find that the seventh paragraph of cross-complaint, to which the other reply was addressed, recited that the defendant (appellant) "did enter into a contract with said plaintiff, a copy of which is hereunto annexed and made a part hereof," and that the eighth paragraph of answer averred that at the time the note was executed the defendant "exhibited to this defendant the contract, a copy of which is annexed to the third paragraph of plaintiff's reply to defendant's third paragraph of answer herein * * * said copy of said contract * * * being referred to

herein and by reference made exhibits to and part of this counter-claim.''

But no such contract, nor any contract at all between appellant and appellee, is set out in appellant's brief. And upon an examination of the transcript we find that no contract whatever is indicated or pointed out by the index to the transcript. But by leafing through the transcript we find that on pages 31 to 40, inclusive, appears a copy of a contract, ten typewritten legal cap pages in length, which purports to have been filed as an exhibit with appellee's reply to the fourth and fifth paragraphs of the answer, which paragraphs begin on page twenty-five; but we have not been able to find in the transcript the contract annexed to or filed with the seventh paragraph of the cross-complaint, nor any third paragraph of reply to the third paragraph of answer, nor a copy of the contract filed with it.

To rule intelligently on these demurrers the court must have before it the contracts referred to and made part of the pleading to which the demurrer was addressed, or in reply to which such pleading was filed. And where no such contract is set out in the briefs, questions relating thereto are not so presented as to demand decision. And where the transcript is not so prepared as that the contract can be found by referring to the index, and the briefs do not point out where it is, the court may properly omit all reference to questions the decision of which would require a consideration of such contract. *Solimeto v. State* (1919), 188 Ind. 170, 122 N. E. 578.

In view of the condition of the transcript and of appellant's brief, as above stated, no question was presented for decision upon the rulings of the trial

court on appellant's demurrers to the several replies to the different paragraphs of answer and cross-complaint, and this court was not in error in failing to pass on the questions as stated in the petition for rehearing.

It is therefore ordered and adjudged that the order of this court recalling the said opinion and mandate of the court, heretofore filed, be and the same is hereby set aside, and the said opinion, judgment and mandate, as heretofore entered in this cause under date of June 15, 1920, are re-established as the opinion, judgment and mandate of this court.

And the appellant's petition for rehearing is now overruled.