[No. 3553.  Dec. 20, 1930.]

[On Rehearing April 10, 1931.]

KNOLLENBERG v. MITCHELL, County Treasurer.

[299 Pac. 1077.]

J. B. Newell and Holt & Holt, all of Las Cruces, for appellant.

Knollenberg & Cameron, of El Paso, Tex., for appellee.

OPINION OF THE COURT

SIMMS, J.

This is a companion case to Knollenberg v. State Bank of Alamogordo, 299 P. 1077, this day decided, and involves the same tax title. It is a mandamus suit to compel Mitchell, the county treasurer of Otero county, to accept redemption money and issue a certificate of redemption. The lower court awarded a peremptory writ, and the treasurer appealed.

1. There is only one question in the case. Where real estate was sold to the county February 1, 1923, for delinquent taxes of 1920, and the certificate of sale was recorded July 17, 1924, and held by the county until August 19, 1926, on which date it was sold, was a tender of redemption money on September 9, 1926, by the former owner, in time?

The matter is governed by the law in force when the sale was made. In this case, that was chapter 133, Laws of 1921. The period of redemption provided by section 449 is three years from the date of sale, and, where the rights of a third person have intervened by a purchase of the certificate, redemption could not thereafter be made, after the three-year period expired. Williams v. Van Pelt (35 N. M. 286) 295 P. 418, this day decided. See, also, Hiltscher v. Jones, 23 N. M. 674, 170 P. 884, and State ex rel. Ols v. Romero, 25 N. M. 290, 181 P. 435.

It follows that the lower court erred in awarding the peremptory writ, and that the judgment should be reversed and the cause remanded with directions to discharge the writ; and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.

ON REHEARING

PER CURIAM.

After careful consideration upon the rehearing, we adhere to the decision and opinion heretofore filed.

BICKLEY, C. J., and WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.