[No. 3552.    April 10, 1931.]

[Rehearing Denied June 13, 1931.]

KNOLLENBERG v. STATE BANK OF ALAMOGORDO

[299 Pac. 1077.]

Holt & Holt, of Las Cruces, for appellant.

Knollenberg & Cameron, of El Paso, Tex., for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

After reargument on rehearing of this cause, we have concluded that the original opinion should be withdrawn and the matter should be disposed of anew.

On February 1, 1923, certain lots belonging to Knollenberg were sold to Otero county for unpaid taxes of 1920. Tax sale certificate was recorded July 7, 1924. On October 14, 1926, more than three years after sale, a tax deed was issued to appellant, the State Bank of Alamogordo. Knollenberg brought suit to cancel the deed as a cloud upon her title, and, among other allegations, set up that the county sold the certificate to "The State Bank of Alamo," which was a different person from the appellant, and that no assignment of the certificate was ever made from the former to the latter; that the deed was void because issued within three years from the date of recording of the tax sale certificate; that no notice was given to the former owner of intention to apply for a tax deed.

A demurrer interposed by appellant presented the proposition that, the complaint showing on its face that the property having been sold for taxes and the former owner not having redeemed it within three years after the sale, she was without such interest in the subject-matter as would permit her to challange the sufficiency of the deed. In other words, her title having been extinguished by the tax sale and failure to redeem, she had no title upon which the tax deed could be a cloud.

In answer to this contention, appellee pointed to allegations of her complaint to the effect that the property was not properly assessed; that the proceedings which were the basis of the tax judgment were irregular, and the judgment therefore void; that the subsequent proceedings leading up to the sale were irregular, and the sale therefore void. Appellant countered with the proposition that, as the complaint did not allege that the taxes had been paid before the sale, nor that the property was not subject to taxation, the curative provisions contained in section 435, c. 133, Laws 1921, estopped appellee from raising any objection to the procedure eventuating in the deed.

As to the judgment and proceedings leading thereto, the appellant's demurrer was sustained, and the appellee took no steps for a review of the court's ruling.

■ ■ Appellee contended, and the trial court held, that the statutory period of redemption commenced to run at the date of recording the tax sale certificate and not from the date of the sale; and that appellee's tender and offer to redeem were in time, and should have been accepted, and that the tax deed was therefore prematurely issued and therefore void.

In this the court was in error. The law in force when sale is made governs redemption from tax sales and validity of tax titles. Williams v. Van Pelt, 35 N. M. 286, 295 P. 418. Tax sale takes effect and redemption period begins to run from date of sale. Baker v. Johnson, 35 N. M. 293, 295 P. 421; Knollenberg v. Mitchell, County Treasurer, 35 N. M. 345, 297 P. 145. The deed having been issued more than three years after the date of the sale, appellee was not in a position to complain of irregularities in issuance of tax deed by county to holder of certificate of sale.

The court overruled the demurrer directed to that portion of the complaint asserting the invalidity of the deed, because no notice was given to the former owner of intention to apply for a tax deed. This was error. Where period for redemption had expired and no defense against tax title existed, registered mail or publication notice of intention to apply for a tax deed was not indispensable. Williams v. Van Pelt, supra.

■ Appellee makes other contentions as to the irregularity of the proceedings subsequent to judgment, but it is not necessary to consider them in detail.

The answer to these contentions is to be found in the curative provisions of the second paragraph of section 435, chapter 133, Laws 1921, which are italicized for emphasis:

"If property is described in the original roll and delinquent tax roll for any year by such description as will serve to identify the same, the sale of such property for taxes, as provided in this act, shall not be void or set aside on account of any error or irregularity in listing the same upon such roll or list, either as to the name or names of the owner or owners thereof, or by reason of its being listed in the name of the wrong person; and *no bill of review or other action attacking the title to any property sold*

*at tax sale in accordance with this act shall be entertained by any court, nor shall such sale or title be invalidated by any proceedings except upon the ground that the taxes, penalties, interest and costs, had been paid before the sale, or that the property was not subject to taxation.* In case any tract or legal subdivision of real estate be sold as hereinbefore provided, upon a part of which the taxes had been paid, such sale and certificates shall nevertheless vest a complete and perfect title in the purchaser and his assigns to such portion of said tract or subdivision upon which the taxes had not been paid."

As to the effect of the curative provisions, see Moore v. National Bank of New Mexico of Raton, 35 N. M. 300, 295 P. 424, and cases there cited. We there reaffirmed the holding that these statutes mean just what they say.

It is not claimed by appellee that the property is not subject to taxation or that the taxes have been paid.

It is suggested in argument by counsel for appellee that the curative provisions offend against the due process clause of our Constitution. This objection has been answered in the negative so often as not to now require further discussion. See Maxwell v. Page, 23 N. M. 356, 168 P. 492, 5 A. L. R. 155.

The judgment should be reversed and the cause remanded, with instructions to sustain appellant's demurrer, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.