24 P.(2d) 284

## KNOLLENBERG v. STATE BANK OF ALA-MOGORDO.

### No. 3803.

Supreme Court of New Mexico.

Aug. 1, 1933.

Rehearing Denied Aug. 28, 1933.

Knollenberg & Cameron, of El Paso, Tex., for appellant.

Holt & Holt, of Las Cruces, for appellee.

BICKLEY, Justice.

The case presented on the first appeal in this cause will be found in Knollenberg v. State Bank of Alamogordo, 35 N. M. 427, 299 P. 1077.

The "cause of action" asserted by plaintiff Knollenberg was the right to secure a cancellation of a tax deed held by the defendant State Bank of Alamogordo, the effect of which was a cloud upon the title of plaintiff. Said tax deed was alleged to be invalid for a number of reasons. Our holding was that none of such reasons were of any effect, and further that in the situation in which we found plaintiff, the only successful attack that she could have made on the tax deed was that the property conveyed thereby was not, at the time the taxes were laid thereon, subject to taxation or that such taxes had been paid, and that plaintiff not having made any such claims, the demurrer to her complaint which alleged various irregularities, in the proceedings, not affecting the essentials of taxation, should have been sustained by the trial court. The judgment was reversed and a mandate issued to the district court directing that the cause be reinstated, that the defendant's demurrer be sustained, "and for such further proceedings as may be proper, etc."

Thereafter, the court sustained the demurrer to the second amended complaint of plaintiff, and she was granted twenty days within which to plead further, subject to objection thereto by counsel for defendant.

Plaintiff then filed an amended complaint designated "First Amended Complaint after

the mandate of the Supreme Court directing the demurrer herein filed by defendant be sustained."

Defendant filed a "motion to strike Fourth Amended Complaint and for final judgment." It appears that prior to the first appeal an amendment by interlineation had been allowed to the second amended complaint to which a supplemental demurrer was presented and sustained and the defendant and the trial court entertained the view that such second amended complaint was in fact plaintiff's third pleading and we will so consider it. The motion to strike was based upon the following grounds:

"1. That said pleading constitutes and is the Fourth Amended Complaint herein, the interposition of which should not be permitted in the light of the history of this cause as disclosed by the record herein.

"2. That the subject matter involved is res adjudicata as disclosed by the record herein.

"3. That the present pleading attempts to inject a new and different cause or causes of action by allegations of pretended fact at variance with, and repugnant to, the allegations of the former pleading here sought to be amended, for the obvious purpose of avoiding the consequences of the previous adjudication herein holding that said former pleading did not state facts sufficient to constitute a cause of action; and which allegations of pretended fact, if true, would constitute a new and different cause of action.

"4. That if the new allegations of pretended fact be not construed as constituting a new and different cause of action, then it is obvious that the subject matter comprising same is res adjudicata."

The court sustained the motion upon the following grounds: "That the matters and things set forth in said Fourth Amended Complaint are substantially a repetition of allegations which have been heretofore fully considered by the Court; and also upon the ground that in the exercise of its legal discretion the Court finds that the pleading, Motion to Strike which is here involved, being the Fourth Complaint filed in this cause, same should not be permitted to stand and should be stricken."

Appellant claims that the court erred and abused its discretion in sustaining the motion to strike the amended complaint.

The court doubtless exercised its discretion to refuse to permit the filing of the plaintiff's pleading in question under section 105-514, Comp. Stat. 1929, which is as follows: "If a third complaint, answer or reply be filed and adjudged insufficient as above, or the whole or some part thereof stricken out, the party filing such pleadings shall pay such costs and penalties as the court may assess and the court may in its discretion permit no further complaint, answer or reply to be filed and may render judgment on the pleadings."

So far as the record discloses, the thing which moved the discretion of the court is: "that the matters and things set forth in said Fourth Amended Complaint are substantially a repetition of allegations which have been heretofore fully considered by the court." Appellee did not press for a ruling upon the

specific grounds of its motion to strike. If the court had merely sustained the motion to strike without more, we would have to assume that the trial court found in favor of movant upon all of the grounds presented by the motion, and examine them all here. Such, however, is not the case. The court, being satisfied that there was nothing new in the latest amended complaint, exercised its discretion to strike it. Appellee, however, concedes that the court was mistaken and that in subparagraph (b) of paragraph IV plaintiff alleges that the taxes for 1920 (the delinquency which was the basis of the proceedings eventuating in the tax deed in question) were paid by plaintiff or her agents, and says: "This is new, but not properly alleged—if true; and it is at variance with and repugnant to, allegations in the former pleading wherein plaintiff admitted non-payment of the taxes for 1920 and alleged efforts to pay the same; such an amendment not being permissible."

Appellee claims that this new matter introduced an entirely new and different cause of action and invokes section 105-605, Comp. Stat. 1929, which inhibits amendments substantially changing the cause of action or defense. This section refers to trial amendments. The territorial Supreme Court, in Bremen Mining & Mill. Co. v. Bremen, 13 N. M. 111, 79 P. 806, 811, discussing amendments, said: "The effect of the statute is to inhibit amendments substantially changing the claim or defense on the trial, *but not before the trial*." Before the trial, considerable latitude is allowed. The territorial Supreme Court

went on to say: "Amendments are favored and should be liberally allowed in the furtherance of justice."

■ In the case at bar, plaintiff's complaint had originally been held by the trial court to be sufficient to withstand defendant's demurrer. On the former appeal this court at first thought so, but withdrew an opinion so holding and decided, in a substituted opinion, that the defendant's demurrer should have been sustained and ordered that it be sustained. The very thing which we found vitally absent, i. e., "that the taxes have been paid," appellant (plaintiff) now alleges. It may well be doubted that appellee's contention that this allegation states an entirely new and different cause of action is tenable. Plaintiff's claim sought to be enforced was a cancellation of the tax deed held by defendant, and a claim that defendant's asserted tax title did not exist. The claims in the old and new pleadings are closely identified. However, we need not go further into that question because of what we have said as to the effect of section 105-605, Comp. St. 1929.

Our holding on the first appeal in the case at bar following the decisions in a group of tax cases, therein cited, while just, resulted in pronounced misfortune to the taxpayer before the court. If she had paid the taxes, the enforcement of the payment of which gave rise to the tax deed in question, she ought in justice be allowed to prove it, unless rules of procedure plainly and unavoidably preclude her effort to do so.

Viewing the whole situation, we think the court abused its discretion in permitting "no further complaint * * * to be filed" and in rendering judgment on the pleadings.

For the foregoing reasons, the judgment is reversed and the cause remanded, with directions to restore the stricken amended complaint to the files, and to proceed further in the·cause as may be proper, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.