58 P.(2d) 1195

KNOLLENBERG v. STATE BANK OF ALAMOGORDO et al.

No. 4025.

Supreme Court of New Mexico.

March 10, 1936.

Rehearing Denied June 30, 1936.

Fred C. Knollenberg, of El Paso, Tex., for appellant.

Quincy D. Adams, Asst. Atty. Gen., for appellees.

SADLER, Chief Justice.

The plaintiff appeals from an order dismissing her fourth amended complaint following a refusal to plead further upon entry of an order sustaining defendant's demurrer to said complaint. The relief sought is cancellation of a tax deed to certain real estate.

The, case has been twice before us on direct appeals from separate judgments, one for and one against the plaintiff. Knollenberg v. State Bank of Alamogordo, 35 N.M. 427, 299 P. 1077, writ of certiorari denied by United States Supreme Court 284 U.S. 661, 52 S.Ct. 37, 76 L.Ed. 560; Id., 37 N.M. 441, 24 P.(2d) 284. In addition, a judgment of the district court of Otero county awarding peremptory writ of mandamus against the treasurer of said county to compel acceptance of tendered tax money in redemption of the real estate involved from tax sale was reviewed in Knollenberg v. Mitchell, 35 N. M. 345, 297 P. 145. The judgment appealed from was reversed, with directions to discharge the writ because the tender was untimely.

Our decision on the first appeal of the case now before us reversed a judgment in plaintiff's favor. We held that an effort to redeem the property, considered effectual by the trial court, was untimely; that other claimed irregularities did not touch the essentials of taxation; and "that in the situation in which we found plaintiff, the only successful attack she could have made on the tax deed was that the property conveyed thereby was not, at the time the taxes were laid thereon, subject to taxation or that the taxes had been paid."

The mandate directed reinstatement of the cause on the docket of the trial court, the sustaining of defendant's demurrer, "and for such further proceedings as may be proper," etc. Following reinstatement of the cause on the docket, the trial court entered its order sustaining the demurrer to second amended complaint of plaintiff with leave to plead further within twenty days. Her next complaint was designated "first amended complaint after the mandate of the Supreme Court directing the demurrer herein filed by defendant be sustained."

The defendant thereupon filed its "motion to strike fourth amended complaint and for final judgment." Due to a certain amendment by way of interlineation, the last complaint filed in numerical order constituted the fourth amended complaint and was so treated by the defendant and the

court. The grounds of this motion to strike are set out in full in the report of the second appeal. 37 N.M. 441, 24 P.(2d) 284, 285. The motion was sustained and judgment rendered on the pleadings in defendant's favor.

As pointed out in the opinion, on appeal from that judgment there appeared for the first time in the stricken fourth amended complaint an allegation (not occurring in any of the previous complaints) of payment of the taxes for nonpayment of which the property in question had been sold. Such allegation appears as subparagraph IV of the so-called "second count" of plaintiff's fourth amended complaint and reads as follows: "(b) that it (tax deed) is based upon an alleged sale for taxes for the year 1920, and said taxes and all years thereafter were paid by this plaintiff or her agents."

The apparent basis of the trial court's action in striking the complaint was, as we pointed out, that allegations of the fourth amended complaint as a whole were substantially a repetition of allegations which theretofore had been fully considered by the court. We held this was not true as to the allegation of payment and that said allegation was not subject to the objection that it introduced an entirely new and different cause of action. We said: "The very thing which we found [on the former appeal] vitally absent, i. e., 'that the taxes have been paid,' appellant (plaintiff) now alleges."

In disposing of the case we said:

"Our holding on the first appeal in the case at bar following the decisions in a group of tax cases, therein cited, while just, resulted in pronounced misfortune to the taxpayer before the court. If she had paid the taxes, the enforcement of the payment of which gave rise to the tax deed in question, she ought in justice be allowed to prove it, unless rules of procedure plainly and unavoidably preclude her effort to do so.

"Viewing the whole situation, we think the court abused its discretion in permitting 'no further complaint * * * to be filed' and in rendering judgment on the pleadings.

"For the foregoing reasons, the judgment is reversed and the cause remanded, with directions to restore the stricken amended complaint to the files, and to proceed further in the cause as may be proper, and it is so ordered."

Mandate having duly issued and the cause being reinstated upon the docket of said court, the defendant interposed a demurrer to said fourth amended complaint, challenging its sufficiency generally as stating a cause of action and specifically upon seventeen separate and distinct grounds. The eleventh specific ground is as follows: "That it is not alleged that the taxes involved had been or were paid prior to rendition of tax judgment mentioned by plaintiff, or prior to sale of the property pursuant thereto."

The basis of this objection is found in the language of section 435 of chapter 133, N. M. Session Laws of 1921, protecting

tax titles and tax sales against attack "except upon the ground that the taxes * * * had been paid *before the sale,* or that the property was not subject to taxation." The court sustained the demurrer as to the eleventh paragraph or objection and overruled it as to all other specific objections. The plaintiff declining to amend and standing on the ruling, her fourth amended complaint was dismissed and judgment rendered in favor of the defendant. From that judgment this appeal is prosecuted.

▄▄▄ The decisive question is whether, in reversing and remanding the cause on the second appeal, we necessarily held plaintiff's fourth amended complaint to state a cause of action. We hold that we did. While the defendant's motion to strike said last-amended complaint (in the nature of a demurrer) did not raise the specific objection to the allegation of payment later advanced in its demurrer thereto, nevertheless there was within our decision of the point before us an implied holding that the allegation of payment would warrant proof, if tendered, of a tax payment sufficient to defeat the title eventuating in the tax deed, namely, a payment of taxes for the year 1920 made prior to sale. The trial court was in error in holding otherwise.

"Where the questions presented on a second or subsequent appeal were necessarily involved in a former appeal, and where the conclusion declared could not have been reached, without expressly or impliedly deciding such questions, the decision on such former appeal rules the case throughout all subsequent stages. [Citations omitted.] * * * The determination of the sufficiency of a pleading on appeal comes within the rule, and any decision so made in that regard will be adhered to on all subsequent appeals, unless such pleading has been amended so as to materially change its character." City of New Albany v. Lyons, 69 Ind.App. 478, 118 N.E. 587, 589. See, also, State ex rel. Garcia v. Board of County Com'rs, 22 N.M. 562, 166 P. 906, 1 A.L.R. 720, and annotation at page 725, on doctrine generally of "Law of the Case."

The chronological history of this litigation as we have set it out hereinabove truly demonstrates the wisdom and expediency of the doctrine just mentioned. There must be an end to litigation at some time. The judgment in, this case is therefore reversed, and the cause remanded to the district court of Otero county, with directions to set aside its judgment and to overrule the eleventh paragraph of defendant's demurrer to fourth amended complaint, and with a further direction to permit framing of the single issue of payment of taxes for the year 1920 prior to the tax sale out of which defendant's title arises and to render judgment according to the proof on said issue.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.