291 P.2d 301

The STATE of New Mexico ex rel. J. T. SKINNER; Bernice Clavel, Administratrix of the Estate of C. J. Clavel, Deceased; and Viola R. Hirsch, Relators,

**v.**

The DISTRICT COURT OF the TENTH JUDICIAL DISTRICT OF the State of NEW MEXICO, sitting within and for the County of Harding, and Hon. Luis E. Armijo, Judge Pro tem. of said Court, Respondents.

No. 5972.

Supreme Court of New Mexico.

Dec. 15, 1955.

John B. Wright, Raton, for Hirsch.

Gilbert, White & Gilbert, Santa Fe, for Clavel and Skinner.

Robert A. Morrow, Raton, Krehbiel & Alsup, Clayton, for respondent.

LUJAN, Justice.

If ever a proceeding before this Court presented a legal snarl, the record on this prohibition proceeding and the 596 pages of bound record on the appeal in the case of Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 351, 43 A.L.R.2d 929, out of which the present proceeding originates, present one. The relators, Skinner and Clavel, joined by Viola Hirsch, all defendants and appellants in above mentioned appeal, seek by a writ of prohibition out of this Court to restrain the respondent judge from proceeding now or ever in hearing a further prosecution of the suit involved on the appeal determined by us, as respondent was in the process of doing, following receipt of mandate.

Now for a brief résumé of the facts incident to the appeal as alleged in the present application for writ of prohibition. It appears that on September 10, 1945, C. L. Keirsey, now deceased, filed suit in Harding County of the Tenth Judicial District, against the relators, seeking to set aside certain conveyances of real estate from Viola R. Hirsch to the relators Skinner and Clavel; to require Viola R. Hirsch to perfect her title to the real estate in question; and to have her convey the real estate to C. L. Keirsey; and for a determination of damages sustained by plaintiff on account of the loss of use of the premises. On September 28, 1946, an answer was filed to said complaint by the relator Clavel. On October 15, 1946, the relators Skinner and Hirsch filed their answers. On February 9, 1947, during the pendency of the cause, C. L. Keirsey died. Subsequently, Bonnie B. Keirsey, wife of the decedent, was appointed administratrix of said estate. Thereafter, on or about July 19, 1947, and within one year of the death of decedent, she applied to have the cause revived in her name as administratrix, but no formal application was made to revive such cause in the names

of the heirs at law. The parties stipulated to a revivor in the name of the administratrix, which was accordingly done.

Thereafter, all the issues in the case were fully tried on the merits on the theory that in the administratrix all proper or necessary parties were before the court without any objection whatever on the part of relators going to the lack of indispensable parties.

A final decree was entered by the trial court in favor of the administratrix and an appeal was taken to this Court. Although the question of lack of indispensable parties was never urged in the district court, it was raised for the first time here.

We sustained the lower court in part and reversed it in part. In sustaining the court's decree, we said:

"The foregoing correspondence, together with the deposit by the original plaintiff, C. L. Keirsey, of $500 earnest money with the bank, coupled with the delivery of warranty deed and abstracts to Keirsey's attorney for examination, are, in the opinion of this Court, more than sufficient to sustain the finding of the trial court to the effect that a binding contract was consummated between C. L. Keirsey and Viola R. Hirsch."

In reversing the lower court, we said:

"It is our judgment that the heirs of the original plaintiff Keirsey were indispensable parties in this action. The determination of the basic issue involved in this suit, namely, the specific enforcement of a contract which will vest in those heirs legal title to the property involved clearly and inevitably affects the interests of the heirs. In this respect and in the respects mentioned above in connection with damages, the rights of the heirs of Keirsey are so closely involved that an adjudication seeking the specific performance of this contract without the heirs before the court makes the trial court's decree one which is beyond its jurisdiction. While the question is not presently before us, it is our opinion that the administratrix is also an indispensable party to this litigation by reason of her obligation to pay the purchase price. * * *

"In view of the foregoing, the judgment is reversed, the cause remanded to the district court with directions to set aside its judgment, and for further proceedings in conformity with the views herein expressed."

After our opinion was handed down in Keirsey v. Hirsch, supra, the administratrix filed in this Court a motion to amend the original complaint by adding thereto as parties plaintiff the names of the heirs at law of C. L. Keirsey, deceased. We denied the motion. To go back slightly in our chronology of events, it should be here added that simultaneously with moving in this

Court on the appeal, following the filing of our opinion therein, the administratrix of C. L. Keirsey, as plaintiff and appellant, anticipating favorable action on the motion to amend the complaint, caused to be filed in said appeal an appearance on behalf of all the heirs at law of C. L. Keirsey, deceased.

Thus the matter stood when the appeal came on for hearing before us on the motion of plaintiff and appellant in said cause, the administratrix of C. L. Keirsey, deceased, to amend her complaint and as well upon her motion for rehearing and that of defendants, Skinner and Clavel, which had been filed in the meantime. Thereupon we entered an order denying each of said motions for rehearing, as well as plaintiff's motion to amend the complaint by adding as coplaintiffs the heirs at law of C. L. Keirsey, deceased, and in connection with denial of the motion to amend the complaint as indicated, we incorporated as a part of said order the following:

"It Is Further Ordered that the appearance filed in this Court and cause December 31, 1953 on behalf of Bonnie B. Keirsey, Robert C. Keirsey, Margarette Ellen Stanford and Martha Ann Cox be and the same hereby is stricken from the record with the same force and effect as though said appearance had never been filed."

The order, from which we have just quoted, ended proceedings in this Court, except for issuance of the mandate on the appeal and its transmittal to the district court from which appeal had been taken, containing a recital of proceedings here culminating in a reversal of the judgment and ending with the direction to said court, as follows:

"Now, Therefore, this cause is hereby remanded to you with directions to set aside your judgment, and for further proceedings in conformity with the views expressed in said opinion and the judgment of this Court."

In due course following receipt of the mandate by the district court, the plaintiff in the cause, as administratrix of the estate of C. L. Keirsey, deceased, filed therein a motion to amend the complaint by bringing in as formal parties to the suit the heirs at law of C. L. Keirsey, deceased, naming them, the motion differing in no material respect from the one previously filed in this Court, seeking the joinder of said heirs as coplaintiffs by amendment of the complaint here. The motion recited the fact, already shown, that pursuant to stipulation filed in the cause, prior to appeal, it already had been formally revived in the name of the plaintiff therein as administratrix of the estate of C. L. Keirsey, deceased.

The plaintiff's motion to amend by bringing in the heirs of C. L. Keirsey, deceased, was followed by a pleading designated "Motion for Judgment on Mandate of Supreme

Court," filed by J. T. Skinner and Bernice Clavel, administratrix of the estate of C. J. Clavel, deceased. The defendants alleged in their motion that since Keirsey, the original plaintiff, had died on February 9, 1947, and no revivor had ever been made as to his heirs, or in their name, "as to any cause of action in said heirs, this cause has long since abated and can not now be revived."

Their motion ended with the prayer, as follows:

"Wherefore, the defendants, J. T. Skinner and Bernice Clavel, Administratrix of the Estate of C. J. Clavel, Deceased, pray that the judgment herein be vacated and set aside, and that judgment be entered herein dismissing this cause with costs in the sum of $339.64 to the defendants, Viola R. Hirsch, J. T. Skinner, and Bernice Clavel, Administratrix of the Estate of C. J. Clavel, Deceased, and that by said judgment, the appellants herein, together with the sureties upon their supersedeas bond, be released from all liability thereon."

Thereafter, the matter came on for hearing before the court on plaintiff's motion to amend by bringing in the Keirsey heirs, as formal parties. All parties were represented at the hearing, following which the court entered its order allowing the Keirsey heirs to be joined as party plaintiffs, reciting their entry of appearance as such in which they agreed to be bound by the evidence adduced and proceedings had upon the trial of said cause, the court's order ending with this language, to-wit:

"It is further Ordered that such amendment relate back to the time of the filing of the original complaint herein and the revival of this action in the name of Bonnie B. Keirsey, as administratrix of the estate of Conway Lee Keirsey, deceased, and said action be considered as revived in the name of these heirs as well as said administratrix as parties plaintiff."

Now, more than ten years after the filing of this suit, more than four years after final decree therein and after appeal prosecuted therefrom and here determined, come the defendants by their counsel asking the aid of prohibition out of this Court to stay all further proceedings therein—now and forevermore. The defendants previously, as already shown, in their motion below for judgment on the mandate had challenged jurisdiction of the district court to proceed for failure on the part of plaintiff to revive formally the cause of action in the name of the Keirsey heirs. This motion though not formally denied had been disallowed, in effect, by the trial court's granting the plaintiff's motion to amend its complaint by naming such heirs as coplaintiffs.

We think this is not a case for prohibiting the district court from proceeding with the trial of the cause. True enough, in our

opinion in the case of Keirsey v. Hirsch, supra, we held the heirs of C. L. Keirsey, deceased, were indispensable parties whose rights were involved and that the case could not be finally determined without them. At the same time, we remanded the cause to the district court with a direction for "further proceedings in conformity with the views expressed in said opinion." Our mandate carried the same directive.

When, after remand, this matter came on to be heard on the two motions mentioned, the district court may have felt that, without formal joinder, the Keirsey heirs were already before the court. Beyond all question, the trial court, as well as all parties below, treated the case throughout as if said heirs were present. In its decision in the cause, a paragraph in conformity with proof taken was incorporated reading, as follows:

"The following persons are all the heirs of C. L. Keirsey, deceased, and have been so adjudicated by the probate court of Harding County, New Mexico, namely: Bonnie B. Keirsey, his widow, Robert C. Keirsey, a son, and Martha Ann Cox, a daughter, and Margarette Ellen Stanford, also spelled Margaret Ellen Stanford, a daughter."

It was not until the case came here on appeal that defendants, Skinner and Clavel, in the initial brief filed herein, for the first time raised the question of the absence of indispensable parties. This fact is men-tioned, not as a basis for claiming a waiver of their absence, but rather to demonstrate the assumption of their presence.

The trial court, in the circumstances, would have been justified in viewing the administratrix, in whose name the cause had been revived, formally, as a trustee for the Keirsey heirs, at least for the purpose of neutralizing the bar of limitation on revivorship. Indeed, one of counsel's own clients, Clavel, might well be said to have pointed the way to such a view of the matter. She, herself, stands before this Court as an admitted trustee for the Clavel heirs, in the capacity of administratrix of her deceased husband's estate, respecting a portion of the very land involved in the suit. Furthermore, in a cause before us not too long ago, viewing a personal representative appearing in his capacity as administrator, as trustee for the purpose of bringing an action under the death by wrongful act statute, saved a cause of action from the bar of the one-year statute of limitations on suing. Henkel v. Hood, 49 N.M. 45, 156 P.2d 790, 791. In this case, we said:

"Since the character of plaintiff as a personal representative under our statute is entirely foreign to and unconnected with his character as estate administrator, whatever authority he might have as such administrator is unimportant; and, since his authority to bring and maintain the action flows from the

wrongful death statute itself and not from the probate, or estate, laws of this or any other state, it is incorrect to say that his power to sue in this connection should be tested by his authority to administer generally the estate of the deceased in the state issuing the letters.

\*   \*   \*   \*   \*   \*

"The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action. The important thing is that the action shall not fail because of the absence of a party capable of suing."

Hence, if the trial judge here, viewing the matter realistically, had considered revivorship of the cause of action in name of the administratrix as saving it against bar of the statute, not only as to the plaintiff as personal representative of her husband, but as to his lawful heirs, as well, he would only have been treating the matter of parties the same as did all parties formally before him throughout the trial. Such an appraisal of the situation as to parties, following remand, would fully have warranted the trial court in granting plaintiff's motion to amend its complaint by bringing in the Keirsey heirs as coplaintiffs, thus lending recognition to a situation as it actually existed.

This, however, is not the only theory that lends adequate support to the trial court's action in granting plaintiff's motion so to amend her complaint by adding parties. If, as defendants claim, the plaintiff is barred of her right to prosecute further the cause of action asserted in her complaint, she was so barred when the cause was pending here on appeal; also, when it was tried below and decree entered therein. Actually, if the claim has merit, it had been so barred from and after February 9, 1948, one year from the death of C. L. Keirsey, the original plaintiff in the cause. Yet not one word, intimation or suggestion that such was the case, even after mention, for the first time, in this Court that the Keirsey heirs were indispensable parties and claim made they had not been joined as parties.

We took notice of the absence of these parties in our opinion on the appeal. The time, right then, had long since passed when formal revivor in the name of these missing heirs might be made, if a declaration on the subject had been insisted upon here. But it was neither insisted upon, nor even mentioned. And what did we do? Note this language from our opinion [58 N.M. 18, 265 P.2d 353]:

"There is no question that the heirs of the deceased Keirsey are 'necessary' parties as distinguished from 'indispensable' parties. These heirs have interests heavily involved and for the purpose of finally determining the rights of all the parties, *should be included in this suit*. However, the only

262

question of which we can take cognizance is whether or not they are indispensable parties, a jurisdictional question which can be raised at any time. * * * (Emphasis ours.)

* * * * * *

· "* * * While the question is not presently before us, it is our opinion that the administratrix is also an indispensable party to this litigation by reason of her obligation to pay the purchase price. The reasoning in Mann v. Whitely, 1931, 36 N.M. 1, 6 P.2d 468, and American Trust & Savings Bank of Albuquerque v. Scobee, 1924, 29 N.M. 436, 224 P. 788, supports this conclusion."

We reversed and remanded the cause with direction to the trial court "to set aside its judgment, *and for further proceedings in conformity with the views herein expressed.*" (Emphasis ours.) If the position of the defendants be correct (and all of them have joined in the application for this writ) our direction should have been to dismiss the complaint, with prejudice. The cause, according to defendants' claim on the application for this writ was as ripe for the relief now sought when we wrote the final word on the appeal, as it is now. Note this, as taken from the prayer of relators' petition for the writ, that the trial judge be restrained "from proceeding further in said cause" and that he "be ordered to show

cause on a day certain" why he "should not be forever prohibited from proceeding further in said cause."

Moreover, in the very last order entered on the appeal, rejecting plaintiff's request to join the Keirsey heirs as parties plaintiff in this Court, their appearances having been already entered anticipatory of a favorable ruling on the request, we added to our order striking an appearance here, the significant language that the order striking was "to have the same force and effect as though such appearance had never been filed." This was the equivalent of saying our action in denying the motion to add parties here and striking appearances in connection therewith should be "without prejudice"—without prejudice to what? To a renewal of said motion below upon remand, if so advised, of course. What else could it be?

We think the implication from what we said and did on the appeal is too strong to be gainsaid or denied and that, "right or wrong," it contemplated the trial judge, upon remand, should have an opportunity by an appropriate order to see that the Keirsey heirs were properly before the court, either by an order confirming their presence, if by all that had transpired in his presence he felt they had been treated as present throughout by revivorship in name of the administratrix; or, by a formal order bringing them in, if deemed absent. In either

event, it was something to be passed upon by the trial court as a court of original jurisdiction. We do not overlook nor are we unmindful of our decision in State ex rel. Del Curto v. District Court of Fourth Judicial District, 51 N.M. 297, 183 P.2d 607; on motion for rehearing, 51 N.M. 304, 183 P.2d 611, 612. There is obviously a pronounced distinction between the two cases, as demonstrated by the following quotation from the opinion of Chief Justice Brice on motion for rehearing, to-wit:

"The effect of the opinion is that the state was a necessary party to the suit, and that this court was without authority to pass on the merits, and that it should be dismissed."

If as this Court held on the appeal in the case mentioned the State, which could not be sued without its consent, was a necessary party, that became the law of the case and, right or wrong, left nothing to be done upon remand but to dismiss. Here, however, we do not have a case where a sovereign's immunity from suit protects the missing parties from joinder, as was the status of the State in Del Curto case; or, a case of parties being saved from the limitation on revivor through having been treated as represented by a revivor in name of an administratrix, should the trial court so hold. To state the distinction in a few words, dismissal following remand in the Del Curto case necessarily had to follow because under

the law of the case as declared on the appeal the absent "necessary" party under no condition could be joined; whereas, here, under the law of the case as established on the appeal, the Keirsey heirs enjoy no immunity from joinder such as that possessed by the State in the Del Curto case.

The factual situation here is more nearly reflected in our decision in the case of Knollenberg v. State Bank of Alamogordo, 40 N.M. 284, 58 P.2d 1195, 1196. We there were dealing with a situation where there had been two previous appeals, and this one represented the third. The quotation from our opinion disposing of the appeal sufficiently discloses the factual situation. We said:

"The decisive question is whether, in reversing and remanding the cause on the second appeal, we necessarily held plaintiff's fourth amended complaint to state a cause of action. We hold that we did. While the defendant's motion to strike said last-amended complaint (in the nature of a demurrer) did not raise the specific objection to the allegation of payment later advanced in its demurrer thereto, nevertheless there was within our decision of the point before us an implied holding that the allegation of payment would warrant proof, if tendered, of a tax payment sufficient to defeat the title eventuating in the tax deed, namely, a payment of

taxes for the year 1920 made prior to sale. The trial court was in error in holding otherwise.

" 'Where the questions presented on a second or subsequent appeal were necessarily involved in a former appeal, and where the conclusion declared could not have been reached, without expressly or impliedly deciding such questions, the decision on such former appeal rules the case throughout all subsequent stages. (Citations omitted.) * * * The determination of the sufficiency of a pleading on appeal comes within the rule, and any decision so made in that regard will be adhered to on all subsequent appeals, unless such pleading has been amended so as to materially change its character.' City of New Albany v. Lyons, 69 Ind.App. 478, 118 N.E. 587, 589. See, also, State ex rel. Garcia v. Board of County Com'rs, 22 N.M. 562, 166 P. 906, 1 A.L.R. 720, and annotation at page 725, on doctrine generally of 'Law of the Case.' "

What we have said sufficiently discloses, we think, that there is no ground shown for issuing prohibition in this case. We so hold. The relators urge, however, that even if we should declare the cause subject to revivor, the trial court was without "jurisdiction to enter judgment based on the previous testimony." They argue that to permit the lower court to consider the testimony adduced in the previous trial would deprive them of their constitutional right to their day in court, that it would constitute the entry of judgment without a trial and that it would be both an excess of its jurisdiction and contrary to viewing the previous proceedings as jurisdictionally void. We then reversed the district court on this ground and directed it to set aside its judgment and for further proceedings in conformity with the views expressed in this Court's opinion.

The relators had their day in court; they tried all the issues in the case, and presumably presented every defense which they had against the action stated in the complaint. There was no ruling by the trial court which prevented them from developing their case and the only error committed was a failure to have necessary and indispensable parties before the court, a point that went unnoticed by all. The lower court found that there had been a binding contract consummated by and between C. L. Keirsey, deceased, and Viola R. Hirsch, one of the relators, ordered her to perform her contract and assessed damages against her for the withholding possession of the premises up to the time of trial. We sustained the lower court on this proposition.

It is to be noted that in the opinion and mandate in the former case we did not direct the district court to enter judgment dismissing the plaintiff's cause of action, but directed the district court to proceed further in conformity with the views expressed in the opinion, which was to the effect that

heirs of the original plaintiff were indispensable parties and should be included in this suit.

Whether we view the Keirsey heirs as parties plaintiff accomplished under either theory discussed hereinabove, viz., by virtue of revivor in name of the administratrix and course of the trial thereafter; or, as done following remand, solely through the motion to add them as parties plaintiff, pursuant to the import of our opinion on the appeal, in either event, when the complaint was formally amended adding such heirs, the amendment related back to the substitution of administratrix as plaintiff, and permeated all proceedings thereafter. Rule 21, District Court Rules of Civil Procedure, 1953 Comp. § 21–1–1; Kansas Electric Power Co. v. Janis, 10 Cir., 194 F.2d 942; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234; Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458. Compare, State ex rel. Bujac v. District Court, 28 N.M. 28, 205 P. 716; Texas Bank & Trust Co. v. Cavin, 26 N.M. 326, 192 P. 365. There are many instances, of course, when one not a party to a suit, in moving to vacate a judgment and advancing some ground other than a jurisdictional one, is held to be before the court and bound by all prior proceedings, including testimony taken, even though not a party when it was introduced. Dailey v. Foster, 17 N.M. 377, 128 P. 71; Crowell v. Kopp, 26 N.M. 146, 189 P. 652; Hammond v. District Court, 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490.

Strangely, the defendants (relators here), and not the added parties plaintiff, are they who complain of being prejudiced by the terms of the stipulation under which the Keirsey heirs agree to be bound by the record made when they formally entered the case. The relators fail to point out, however, in just what way they are prejudiced. Certainly, they tried the case out of which the appeal arose, just as if all essential parties were present. The absence of the Keirsey heirs, in name, in no way hindered relators, as defendants in that case, in fully developing their defense. Under the circumstances we fail to see the necessity of a retrial of the basic issues already determined to give them an opportunity already fully enjoyed. Texas Bank & Trust Co. v. Cavin, supra.

Nor do we find occasion or necessity to consider or question the authority of such cases as Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436, to the effect that under a statute on revivor, somewhat similar to ours, dismissal is mandatory, unless it takes place within the time stipulated. The case before us, as determined, is to be supported on either of two theories. Under one the Keirsey heirs were before the court, so far as limitation of the revivor statute or rule is concerned, through representation by the administratrix in the formal revivor-

ship in her name. The question of indispensable parties does not enter the case under this theory because in legal contemplation these heirs were not absent—they were there in so far as a representation of their interests was concerned.

Under the other theory, whether present or not, but assuming they were not, until the matter was almost ready for submission in this Court, the absence of such heirs had not been noted. And when noticed for the first time, as it was by these relators in the first brief filed as appellants, they made no claim to dismissal, or a direction therefor upon remand. Instead, even though absent, the appeal continued its course on assumption of the parties shared, rightly or wrongly, by this Court that the missing heirs could still be added. The conclusion that they could, right or wrong, became the law of the case and, whether the one or the other, it saved the proceedings antedating the appeal from a declaration of nullity. Moreover, it supports the trial court's action permitting an amendment of the complaint, adding the heirs as parties plaintiff, and relating it back to the initial point in the proceedings when it became timely.

It follows from what has been said that the alternative writ was improvidently granted and should be discharged.

It Is So Ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.